UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:26-CR-22 |
| | : | |
| v. | : | (MUNLEY, J.) |
| | : | |
| ANDREW MULKERIN, | : | (CARABALLO, M.J.) |
| Defendant | : | |

## MOTION FOR DETENTION

The United States respectfully moves for detention of defendant Andrew Mulkerin pursuant to 18 U.S.C. § 3142, and in support of this motion represents as follows:

  X   1.   That the government is entitled to a detention hearing based upon the following:

   X   a.   Defendant is charged with a crime of violence as defined in Title 18 U.S.C. § 3156 or an offense listed in Title 18 U.S.C. § 2332(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed, see 18 U.S.C. § 3142(f)(1)(A); or

       b.   Defendant is charged with an offense for which the maximum sentence is life imprisonment or death, see 18 U.S.C. § 3142(f)(1)(B); or

\_\_\_\_\_  c.  Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C. § 801, <u>et seq</u>.), or Section 1 of the Act of September 15, 1980 (Title 21, U.S.C. § 955a), <u>see</u> 18 U.S.C. § 3142(f)(1)(E); or

\_\_\_\_\_  d.  Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more state or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to federal jurisdiction had existed or a combination of such offenses, <u>see</u> 18 U.S.C. § 3142(f)(1)(D); or

\_\_\_\_\_  e.  Defendant is charged with a felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or involves a failure to register under § 2250 of Title 18, United States Code. <u>See</u> 18 U.S.C. § 3142(f)(1)€.

  \_\_\_\_\_    f.    That a serious risk exists that defendant will flee, <u>see</u> 18 U.S.C. § 3142(f)(2)(A); or

  \_\_\_\_\_    g.    That a serious risk exists that defendant will obstruct or attempt to obstruct justice or threaten injure or intimidate or attempt to threaten injure or intimidate, a prospective witness or juror. <u>See</u> 18 U.S.C. § 3142(f)(2)(B).

\_\_\_\_\_  2.    That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that:

  \_\_\_\_\_    a.    That defendant has been convicted of a federal offense described in subsection 1(a)-(d) above, or of a state or local offense that would have been an offense described in subsection 1(a)-(d) above if a circumstance giving rise to federal jurisdiction had existed;

  \_\_\_\_\_    b.    That the offenses described in paragraphs 1(a)-(d) above were committed while defendant was on release pending trial for a federal, state, or local offense; and

  \_\_\_\_    c.    A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offenses described in paragraph 1(a)-(d) whichever is later.  <u>See</u> 18 U.S.C. § 3142€.

\_\_\_\_ 3.    That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that:

  \_\_\_\_    a.    Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C. § 951, <u>et. Seq.</u>), Section 1 of the Act of September 15, 1980 (Title 21, U.S.C. § 955a); or

  \_\_\_\_    b.    Defendant committed an offense under Title 18, U.S.C. § 924€, that is, defendant did during and in relation to any crime of violence or drug trafficking crime use or carry a firearm; or

  \_\_\_\_    c.    Defendant committed an offense under Title 18, U.S.C. § 2332b(g)(5)(B) for which a maximum term of

|     |     | imprisonment of ten years or more is prescribed, or an offense involving a minor victim under Title 18, U.S.C. §§ 1201, 1591, 2241-42, 2244-45, 2251-52, 2260, 2421-23 or 2425.  See 18 U.S.C. § 3142€(3)(C) and €. |
|-----|-----|---|
| X | 4. | The Government further submits that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because: |
| X | a. | Defendant is a danger to any other person or the community, and/or; |
|     | b. | Defendant is a flight risk. |
|     | 5. | The defendant is currently in custody on other matters.  The United States requests the entry of a detention order at this time without prejudice to a full detention hearing in the event that the defendant's custodial status changes. |

\_\_\_\_    6.    The United States requests a continuance of three days in which to prepare for a hearing on this motion.

                    Respectfully submitted,

                    BRIAN D. MILLER
                    United States Attorney

                    /s/ Christian T. Haugsby
                    CHRISTIAN T. HAUGSBY
                    Assistant United States Attorney
                    PA 205383
                    1501 N. 6th Street, Box 202
                    Harrisburg, PA 17102
                    Phone: (717) 221-4482
                    Fax: (717)221-4493
                    christian.haugsby@usdoj.gov

Date: February 23, 2026

## CERTIFICATE OF SERVICE

I certify that I served a copy of the within detention motion to Attorney Kenyatta Barthelemy by hand delivery on February 23 2026.

/s/ Christian T. Haugsby
Christian T. Haugsby
Assistant U.S. Attorney