IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Munley, J.) |
| | : | |
| | : | (Caraballo, M.J.) |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER OF FEBRUARY 23, 2026

### I. Introduction

Andrew Mulkerin by and through his counsel, Heidi R. Freese, Esquire, of Tucker Arensberg, PC, submits this brief in support of his motion to reconsider the detention order entered in this case.

### II. Procedural and Factual History

On February 18, 2026, a grand jury indicted Mr. Mulkerin with Threatening to Assault United States Judges and Federal Officers, in violation of 18 U.S.C. § 115(a)(1)(B) (Count 1)(Doc. 1).

On February 20, 2026, Mr. Mulkerin appeared before the Honorable Daryl F. Bloom and entered a not guilty plea to the Indictment. (Doc. 12). On February 20, 2026, and February 23, 2026, following a full detention hearing, United States Magistrate Judge Phillip J. Caraballo entered an Order of Detention. (Doc. 8 and Doc 19). The preliminary pre-trial scheduling order states pretrial motions are due

on or before March 13, 2026, and jury selection and trial will be scheduled thereafter. (Doc. 17).

### III. Argument

    A.    **Reconsideration of the February 23, 2026 Detention Order is Warranted.**

Section 3145 of 18 U.S.C. provides that "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense…, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.." 18 U.S.C. §3145(b). *De novo* review by this Court is appropriate. *See e.g., United States v. Delker*, 757 F.2d 1390, 1394 (3rd Cir. 1985). *See also, United States v. Thompson*, 2018 U.S. Dist. LEXIS 7197, *3 (M.D. Pa. 2018)(Brann, J).

Consistent with this standard of review, the provisions of 18 U.S.C. §3142 of the Bail Reform Act of 1984 must be assessed. This section "authorizes judicial officers to grant persons charged with federal offenses release on bail unless it is determined that 'such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986), quoting 18 U.S.C. §3142(b). Here, Mr. Mulkerin was not indicted for an offense involving the rebuttable presumption. *See* 18 U.S.C. §3142(e)(3), 18 U.S.C. §3142(e)(3)(A), (B).

Application of the law to Mr. Mulkerin's case supports the conclusion that Mr. Mulkerin should be released on conditions pending trial. Undersigned counsel did not represent Mr. Mulkerin at his initial detention hearing but received the official transcription of the February 20, 2026, and February 23, 2026, Detention hearings.

Mr. Mulkerin is permitted to move to reopen the detention hearing ". . . at any time before trial if the judicial officer finds that 1) information exists that was not known to the movant at the time of the hearing" and 2) that information "has a material bearing on . . . whether there are conditions of release that will reasonably assure the appearance of [the movant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Mr. Mulkerin, with new counsel, asks this Court to reconsider the February 23, 2026, Detention Order, based upon new evidence, that is, the presentation of a suitable third-party custodian, who was not previously presented when the court issued its Order denying release, and additional evidence relating to access to firearms, satisfaction of civil warrants, and information regarding his family's 3-D printer.

If a court believes that release of a defendant on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of . . . the community," the Bail Reform Act requires that the court "*shall order* the pretrial release of the person…subject to the least restrict further condition, or combination of

conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…" 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

The Bail Reform Act requires that a court must "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, *as reprinted in* 1984 U.S.C.CA.N. 3182, 3189); *see United States v. Salerno,* 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo,* 495 U.S. 711, 723-24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.).

  **B.** **Mr. Mulkerin should be released because a combination of conditions exist which will reasonably assure the appearance of Mr. Mulkerin and the safety of the community.**

At Mr. Mulkerin's Detention Hearing on February 23, 2026, his wife, Irene Mulkerin, was present. However, Mrs. Mulkerin was not presented as a proposed third-party custodian. On February 20, 2026, Mr. Mulkerin was arrested following a single count indictment that alleged the proposed conduct occurred on January 7, 2026. Further, Mr. Mulkerin has no prior criminal history and is committed to working with undersigned counsel to resolve his case. If Mr. Mulkerin is released

4

from incarceration, he will reside with his third-party custodian and his two children in a stable residence in Mechanicsburg, Pennsylvania, where they have resided in this residence since May of 2021. Despite that, Mr. Mulkerin has been tied to the Mechanicsburg area since 2016.

During Mr. Mulkerin's Detention Hearing on February 20, 2026, the Honorable Phillip J. Caraballo entered an Order detaining Mr. Mulkerin pending a home assessment from Probation. While reconvening on February 23, 2026, the Honorable Phillip J. Caraballo received the home assessment report conducted by Probation Officer Pope. In that report, the Government stressed the fact that Probation located ammunition and three (3) safes inside the residence. Despite those findings, no firearms were located inside the residence, and the residence continues to remain free of firearms. Similarly, the Government and the Court questioned a hunting rifle located at Mr. Mulkerin's father-in-law, Andrew Papoutsis, hunting cabin. Mr. Mulkerin has been estranged from his father-in-law for approximately six (6) years; therefore, has no connection to the hunting cabin. If Mr. Mulkerin is released from incarceration, this Court can impose an additional travel condition to include an exclusion zone which forbids access to the hunting cabin.

Moreover, there were concerns regarding the safes that were located at the time of the home assessment. Mrs. Mulkerin explained to Probation Officer Pope that two of the three safes were emptied and no longer operational. The Honorable

Phillip J. Caraballo had concerns that the third safe was removed from the property and was not opened prior to the sale. Mrs. Mulkerin immediately listed the Cabela branded safe on Facebook Marketplace following the home assessment by Probation Officer Pope. Mrs. Mulkerin listed the Cabela safe free of charge if the receiving party retrieved it as soon as possible. *See* Exhibit "A" TO Defendant's Motion to Reconsider February 23, 2026 Detention Order. Mrs. Mulkerin informed the receiving party that she did not possess the combination. In a Facebook message, Mrs. Mulkerin was informed by the receiving party that as they were transporting the safe it appeared to be empty.

    Similarly, Mr. Mulkerin and his family own a 3-D printer. During the Detention Hearings, the Government referenced a ghost gun citing alleged statements Mr. Mulkerin previously made to courthouse security. However, Mr. Mulkerin's print logs confirm that the 3-D printer was used for legitimate purposes, and not as a mechanism to build a firearm. *See* Exhibit "C" to Defendant's Motion to Reconsider February 23, 2026 Detention Order. If the Court still has concerns regarding the 3-D printer, Mr. Mulkerin is willing to remove the printer from the residence.

    Prior to suffering financial hardship in his business affairs, Mr. Mulkerin had stable employment. Mr. Mulkerin is a graduate of Columbia University and Harvard Business School. He has more than two decades of experience in manufacturing and operations management which included leadership roles within

those companies prior to suffering financial constraints. Due to his financial heartaches, Mr. Mulkerin's time was devoted to actively handling the ongoing civil and bankruptcy proceedings. As a result of his efforts, he experiences no financial instability. Mr. Mulkerin has strong ties to the community, and this Court can impose additional conditions, including pretrial services supervision and, if appropriate, home confinement, which will reasonably assure his appearance in court and the protection of the public.

 Mr. Mulkerin has no prior criminal history and counsel is not aware of any prior attempts to evade law enforcement. At the Detention hearings, the Government informed the Court of Mr. Mulkerin's past bench warrants which were all civil matters related to Mr. Mulkerin's inability to have the necessary funds to satisfy his obligations. In fact, those matters dealt with tax violations in his business affairs and the total amount owed was $3,052.08.  However, immediately upon receiving the financial resources, Mr. Mulkerin rectified the outstanding balance. *See* Exhibit "B" to Defendant's Motion to Reconsider February 23, 2026 Detention Order. Given the timeline of events, it is clear that the outstanding tax violations were caused by a financial hardship rather than deceiving the Court. As far as counsel is aware, Mr. Mulkerin has had no other outstanding warrants related due to failure or ignorance to appear for any court proceedings. If the Court still has concerns regarding Mr. Mulkerin whereabouts,

gps monitoring and travel restrictions can also be imposed to protect the community.

Mr. Mulkerin submits that the above combination of highly restrictive conditions, combined with any other conditions the Court deems appropriate and necessary, will reasonably assure Mr. Mulkerin's appearance in Court and concerns for the community, and are consistent with the Bail Reform Act of 1984.

### III.   Conclusion

Mr. Mulkerin has been in custody since February 20, 2026. He has no criminal history, and he respectfully requests this Court schedule a hearing so that he may present testimony of a third-party custodian and additional evidence to support his Motion to Reconsider Detention Order of February 23, 2026.

                                                Respectfully submitted,

                                                TUCKER ARENSBERG, P.C.

Date:  March 12, 2026                    */s/ Heidi R. Freese*
                                                Heidi R. Freese, Esquire
                                                PA I.D. #87668
                                                300 Corporate Center Drive, Ste. 200
                                                Camp Hill, PA 17011
                                                (717) 234-4121
                                                HFreese@tuckerlaw.com

## CERTIFICATE OF SERVICE

AND NOW, this 12th day of March, 2026, I hereby certify that I have served the foregoing Brief in Support of Motion to Reconsider February 23, 2026 Detention Order on the following via electronic delivery:

Assistant United States Attorney Christian T. Haugsby
U.S. Attorney's Office
228 Walnut Street, Suite 228
Harrisburg, PA 17101

TUCKER ARENSBERG, P.C.

*/s/Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. No. 87668
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
717-221-7967
hfreese@tuckerlaw.com