UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 1:26-CR-22 |
| | : | |
| ANDREW MULKERIN, | : | (Judge Munley) |
| Defendant. | : | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States respectfully requests that the following

instructions be included by the Court in its charge to the jury, in

addition to the Court's standard instructions, and requests leave to offer

additional instructions as may become appropriate during the course of

the trial.

Dated: March 27, 2026          Respectfully submitted,

BRIAN D. MILLER
United States Attorney

/s/ James M. Buchanan
James M. Buchanan
Assistant U.S. Attorney
Nealon Federal  Bldg., Suite 311
Scranton, PA 18503

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

### On or About

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.[1]

---

[1] **Authority**: Third Circuit Model Criminal Jury Instructions, § 3.08.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2.

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an

event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.[2]

---

[2] **AUTHORITY:** Third Circuit Model Criminal Jury Instructions, § 3.04.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3.

### Credibility of Witnesses- Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.[3]

---

[3] **Authority**: Third Circuit Model Criminal Jury Instructions, § 4.18.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4.

### Not All Evidence, Not all Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.[4]

---

[4] **AUTHORITY:** Third Circuit Model Criminal Jury Instructions, § 3.05.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### Defendant's Choice not to Testify or Present Evidence

The defendant did not testify or present evidence in this case. A defendant has an absolute constitutional right not to testify or present any evidence.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decisions in any way.[5]

---

[5] <u>Authority</u>: Third Circuit  Model Criminal Jury Instructions, § 4.27.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6.

**Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant, Andrew Mulkerin, testified. You should examine and evaluate his testimony just as you would the testimony of any witness.[6]

---

[6] **Authority:** Third Circuit  Model Criminal Jury Instructions, § 4.28. This Instruction is to be used as an alternative to Government Proposed Instruction No. 5, if the Defendant chooses to testify at trial.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7.

**Proof of Required Mental State of Mind**

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendants' states of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendants' states of mind at a particular time, you may consider evidence about what the defendants said, what the defendants did and failed to do, how the defendants acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendants' minds at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendants' states of mind.

You may also consider the natural and probable results or consequences of any acts the defendants knowingly did, and whether it is reasonable to conclude that the defendants intended those results or consequences. You may find, but you are not required to find, that the defendants knew and intended the natural and probable consequences or results of acts they knowingly did. This means that if you find that

an ordinary person in the defendants' situation would have naturally realized that certain consequences would result from their actions, then you may find, but you are not required to find, that the defendants did know and did intend that those consequences would result from their actions.  This is entirely up to you to decide as the finders of the facts in this case. [7]

---

[7] **Authority**: Third Circuit Model Criminal Jury Instructions, §5.01

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8.

**Knowingly - Defined**

The offense of threatening to murder or assault a federal official or officials, as charged in the indictment, requires that the government prove that the defendant acted "knowingly" with respect to a certain elements of the offense.  A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason.  This means that the government must prove beyond a reasonable doubt that the defendants were conscious and aware of the nature of their actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendants acted "knowingly" you may consider evidence about what the defendants said, what the defendants did and failed to do, how the defendants acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendants' minds at that time.[8]

---

[8] **Authority:** Third Circuit Model Criminal Jury Instructions, § 5.02

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9.

**Intentionally**

The offense of threatening to murder or assault a federal official or officials, as charged in the indictment, requires that the government prove that the defendant acted "intentionally" with respect to certain elements of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.[9]

---

[9] **Authority**: Third Circuit Model Criminal Jury Instructions, § 5.03.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10.

## Elements of the Offense Charged

The defendant is charged in the Indictment with committing the offense of Threatening to Murder and Assault United States Judges and Federal Officers, in violation of Title 18, United States Code, Section 115(a)(1)(B).  This offense has three essential elements, which are:

**First**:  That the defendant threatened to murder or assault the individuals listed in the Indictment, to wit: unnamed United States and unnamed Federal law enforcement officers;

**Second**:  That at the time of the alleged threat, the unnamed United States Judges and unnamed Federal law enforcement officers were federal officials; and

**Third**: That the defendant acted with the intent to impede, intimidate, or interfere with those officials while engaged in the performance of their official duties or with the intent to retaliate against those officials on account of the performance of their official duties.

In order to find the defendant guilty of this offense, you must all find that the Government has proved each of these elements beyond a reasonable doubt.

I will explain each of these elements in more detail.[10]

---

[10] **Authority**: Third Circuit Model Criminal Jury Instructions, § 3.10, *United States v. D'amario*, 330 Fed. Appx. 409, 412 (3d Cir. 2009); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11.

**Element One – Threat to Assault and Murder**

The first element the Government must prove beyond a reasonable doubt is that the defendant made a threat to murder and assault unnamed United States Judges and Federal law enforcement offices as charged in the Indictment.

As this is a case involving speech, I advise you that the First Amendment protects vehement and offensive criticism of public officials, including judges and federal law enforcement officers. The First Amendment also protects political exaggeration and expressions of opinion. And further, the First Amendment protects mere advocacy of the use of force or violence. But the Firs Amendment does not protect "true threats."

A true threat is a serious statement expressing an intention to inflict bodily injury or murder at once or in the future. This is distinguished from political hyperbole, idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement would understand it as a

serious expression of intent to inflict bodily injury or murder (or a reasonable person making the statement would foresee that the recipient would understand it as a serious expression of intent to inflict bodily injury or murder).  The defendant must have made the statement intending it to be a threat, or with the knowledge that the statement will be viewed as a threat.

To determine whether or not the defendant threated to murder or assault the unnamed United States Judges and Federal law enforcement officers, as charged in the Indictment, you should consider the circumstances under which the statement was made, including the context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard the statement.

It is not necessary that the Government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out. The Government also does not need to prove that the Defendant personally intended to take violent action against the officials. But evidence, or lack thereof, that the defendant made plans, efforts, or had the means and know-how to follow through on the

alleged threats may inform your view of the circumstances in which he

made the statements and the effect he intended the statements

themselves to have.[11]

---

[11] **Authority**: Modern Federal Jury Instructions-Criminal, Instruction 14 (2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024); *United States v. Davitashvili*, 97 F.4th 104, 109 (3d Cir. 2024); *United States v. Watts*, 394 U.S. 705 (1969); *United States v. Hunt*, Crim. No. 21-CR-86 (E.D.N.Y. April 28, 2021); *Virginia v. Black*, 538 U.S. 343, 360 (2003)(threats fall outside of the First Amendment where "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals" which places the recipient in fear of violence; *United States v. Stock*, 728 F.3d 287, 301 (3d Cir. 2013)(context); *United States v. Cruz*, 713 F.App'x 82, 87 (3d Cir. 2017)(noting that the Third Circuit has not decided whether the *Elonis* subjective requirement extends to §115(a)(1)(B) and citing cases holding that it does not.).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12.

**Element Two – Victim was a Federal Official**

The second element the Government must prove beyond a reasonable doubt is that at the time of the alleged threat, at least one of the targets of the alleged threat was a federal official.  I instruct you that United States Judges and United States law enforcement officials, as charged in the Indictment, are federal officials.  However, it is for you to determine if any of the targets of the alleged threat held that title at the time in question.

The Government does not have to prove that the defendant knew that any of the targets of the alleged threats were federal officials.  It is sufficient to satisfy this element for the Government to prove that the target or targets were federal officials at the time of the alleged threat.  Whether the defendant knew that the target was a federal official at the time is irrelevant to such a determination and should not be considered by you.

have.[12]

---

[12] **Authority**: Modern Federal Jury Instructions-Criminal, Instruction 14-15 (2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024);

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13.

### Element One – Threat to Assault and Murder

The third element the Government must prove beyond a reasonable doubt is that the defendant acted with the intent to impede, intimidate, or interfere with the official or officials while the official or officials were engaged in the performance of their official duties or with the intent to retaliate against the official or officials on account of the performance of their official duties.

The word "impede" means to stop the progress, obstruct, or hinder;

The word "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe;

The word "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, to intervene;

The word "retaliate" means to return like for like, to act in reprisal for some past act; and

The phrase "engaged in" and "on account" of "the performance of their official duties means that the defendant's actions related to the victim or victims' performance of their jobs as a federal official.

To find that the defendant intended to impede, intimidate, interfere, or retaliate against the official or officials, you must be satisfied beyond a reasonable doubt either (1) that the defendant had the conscious desire or purpose to impede, intimidate, interfere, or retaliate, or (2) that he knew that he would be practically certain to impede, intimidate, interfere, or retaliate. Direct proof of a defendant's intent is almost never available and is thus not required. The ultimate fact of intent may be established by circumstantial evidence, as I will define. This evidence may include the defendant's outward manifestation, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them. You may consider, for example, whether there is evidence that the defendant intended or did not intend any of his statements to reach the officials in question. The Government, however, does not need to prove that the alleged threats, actually reached those officials.[13]

---

[13] **Authority:** Modern Federal Jury Instructions-Criminal, Instruction 15(2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024); (1969); *United States v. Hunt*, Crim. No. 21-CR-86 (E.D.N.Y. April 28,

Case 1:26-cr-00022-JKM   Document 38   Filed 03/27/26   Page 22 of 27

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14.

### Use of Conjunctive "and"

Where a Statute specifies several alternative ways in which an offense may be committed, the Indictment may allege the several ways in the conjunctive, that is, by using the word "and." If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.[14]

---

2021);, *United States v. Stubler*, 271 Fed. Appx. 169, 170 (3d Cir. 2008)(relating to official duties).

[14] *United States v. Niederberger*, 580 F.2d 63, 67-68 (3d Cir. 1978).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15.

**Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony that in the years leading up to January of 2026, the defendant made certain comments in various emails, made statements to Court Security Officers, behaved in a disruptive manner at United States Bankruptcy Court proceedings, engaged in a physical altercation with another individual, was briefly detained by York County Sheriff Department deputies, and had two firearms confiscated from his business in December of 2023.

This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the Indictment, had a motive or the opportunity to commit the acts charged in the Indictment, or was preparing or planning to commit the acts charged in the Indictment.

You may consider this evidence to help you decide if the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged, had a motive or opportunity or the opportunity to

commit the acts charged in the Indictment, or was preparing or planning to commit the acts charged in the Indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the offense of Threatening to Murder and Assault United States Judges and Federal Officers, which occurred on or about January 7, 2026, not for these other acts. Do not return a guilty verdict unless the government

proves the crime charged in the indictment beyond a reasonable

doubt.[15]

---

[15] <u>Authority</u>: Third Circuit Model Criminal Jury Instructions, §4.29

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16.

**Prior Statement of Defendant - Single Defendant on Trial**

The government introduced evidence that the defendant made statements to Deputy United States Marshal Matthew Hartman and other court security personnel. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.[16]

---

[16] **Authority:** Third Circuit Model Criminal Jury Instructions, §4.32

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 1:26-CR-22 |
| | : | |
| ANDREW MULKERIN, | : | (Judge Munley) |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the

Office of the United States Attorney for the Middle District of

Pennsylvania and is a person of such age and discretion to be competent

to serve papers.

That this 27th Day of March, 2026, she served a copy of the

attached:

### **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

by ECF filing upon:

Heidi R. Freese, Esq.
Attorney for Defendant Mulkerin


/s/ Stephanie Kakareka
STEPHANIE KAKAREKA
Legal Administrative Specialist