IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :  Docket No.: 1:26-CR-22
                             :
                             :
       v.                    :  (Honorable Julia K. Munley)
                             :
ANDREW MULKERIN,             :
       Defendant             :

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

AND NOW comes the defendant, Andrew Mulkerin, by and through his attorney, Heidi R. Freese, Esquire, and the law firm of Tucker Arensberg, P.C., and respectfully requests that pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendant requests This Honorable Court instruct the jury on the law as set forth in the following requests.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date: March 27, 2026

*/s/Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 234-4121
HFreese@tuckerlaw.com

## 1. Theory of Defense[1]

Andrew Mulkerin pled not guilty to the charges in the Indictment. This plea of not guilty puts in issue each of the essential elements of the offenses as described in these instructions and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Mr. Mulkerin contends that he is not guilty because it was not a serious expression of an intent to inflict bodily injury or murder and made the statement in a joking manner.

---

[1] Third Circuit Model Criminal Jury Instructions §8.01 (2024).

## 2. Good Faith Defense[2]

The offenses of threatening to murder and assault unnamed United States Judges and unnamed Federal law enforcement officers requires that Mr. Mulkerin acted knowingly and intentionally.  If you find that Mr. Mulkerin acted in "good faith," that would be a complete defense to these charges, because good faith on the part of Mr. Mulkerin would be inconsistent with his acting knowingly or intentionally.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that his acts were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect.  Thus, in this case if Mr. Mulkerin made an honest mistake or had an honest misunderstanding about the threats, then he did not act knowingly or with intent.

Mr. Mulkerin does not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that Mr. Mulkerin acted knowingly and intentionally. As I have told you, it is the Government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  In deciding whether the Government proved that Mr. Mulkerin acted knowingly and intentionally or, instead, whether Mr. Mulkerin acted in good faith, you should consider all of the evidence presented

---

[2] Third Circuit Model Criminal Jury Instructions §5.07 (2024).

in the case that may bear on Mr. Mulkerin's state of mind. If you find from the evidence that Mr. Mulkerin acted in good faith, as I have defined it, or if you find for any other reason that the Government has not proved beyond a reasonable doubt that Mr. Mulkerin acted knowingly, you must find Mr. Mulkerin not guilty of the offenses of mailing threatening communications and threatening to injure or kill a Federal Judge or Federal law enforcement officers.

### 3. **Definition of Threat**[3]

The Government must establish beyond a reasonable doubt that Mr. Mulkerin threatened to injure or kill unnamed United States Judges or Federal law enforcement officers.

A threat is a serious statement expressing an intention to inflict bodily injury or to kill at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury or murder. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat, or that the defendant consciously disregarded a substantial risk that the statement would be viewed as a threat.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its

---

[3] Sand, Siffert, Loughlin, Reiss & Batterman, Modern Federal Jury Instructions (Criminal), ¶31.03, Instruction 31-13 (December, 2023) (modified - deleted "a statement may be a threat even if it was never communicated, nor intended to be communicated to the target of the threat); *see also id.* at ¶14.02, Instruction 14-13 (2017); *Counterman v. Colorado,* 600 U.S. 66, 69 (2023); *Elonis v. United States,* 575 U.S. 723, 740 (2015).

context with respect to the surrounding conversation, the language the defendant used, and the reaction to those who heard or read the statement.

It is not necessary that the Government prove that Mr. Mulkerin intended to carry out the threat or that he had the present ability to carry out the threat.  A threat may be conditional upon the defendant's ability to carry it out in the future.

### 4.  Credibility of Witnesses - Law Enforcement Officer [4]

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

[4] Third Circuit Model Criminal Jury Instructions §4.18 (2024).

## 5. Defendant's Choice not to Testify or Present Evidence[5]

Mr. Mulkerin did not testify or present any evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Mulkerin did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Mulkerin did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

[5] Third Circuit Model Criminal Jury Instructions §4.27 (2024).

### 6. Defendant's Testimony[6]

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Mulkerin testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

---

[6] Third Circuit Model Criminal Jury Instruction §4.28 (2024).

## 7. Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))[7]

You have heard testimony that Mr. Mulkerin was engaged in litigation behavior which the government argues is relevant to the defendant's intent to commit the crime charged.

This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether Mr. Mulkerin had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; you may consider this evidence only for this limited purpose.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have

---

[7] Third Circuit Model Criminal Jury Instructions §4.29 (2024). The instruction is included considering the government's pending motion for admission of such evidence.

10

committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the charge arising on January 7, 2026, not for these other acts. Do not return a guilty verdict unless the government proves the crime*(s)* charged in the indictment beyond a reasonable doubt.

## CERTIFICATE OF SERVICE

I, Heidi R. Freese, Esquire, do hereby certify that I have served Defendant's

Proposed Jury Instructions electronically as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class,

postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date: March 27, 2026

*Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 234-4121
HFreese@tuckerlaw.com