IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Munley, J.) |
| | : | |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

## MOTION TO DISQUALIFY UNITED STATES DISTRICT COURT JUDGES FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AND NOW, comes the defendant, Andrew Mulkerin, through his attorneys, Tucker Arensberg, P.C. and Heidi R. Freese, Esquire, and Michael P. Leahey, Esquire, and files this Motion to Disqualify United States District Court Judges for the Middle District of Pennsylvania, and in support thereof avers as follows:

1. On February 18, 2026, a grand jury indicted Mr. Mulkerin on a single count, Threatening to Assault unnamed United States Judges and unnamed Federal Officers of the Middle District of Pennsylvania, in violation of 18 U.S.C. § 115(a)(1)(B) (Count 1) (Doc. 1).

2. On February 20, 2026, Mr. Mulkerin appeared before the Honorable Daryl F. Bloom and entered a not guilty plea to the Indictment.

3. On February 20, 2026, and February 23, 2026, following a full detention hearing, United States Magistrate Judge Phillip J. Caraballo entered an Order of Detention.

4.      Mr. Mulkerin exercised his constitutional right to a speedy trial. A pretrial conference and detention hearing are scheduled before this Honorable Court for April 2, 2026, and jury selection and trial are scheduled for April 15, 2026.

5.      Undersigned counsel received discovery from the government on March 17, 2026, which included video surveillance and approximately 1,692 documents. Undersigned counsel provided a copy of discovery via hand delivery to Mr. Mulkerin at the Perry County Prison on the morning of March 18, 2026.

6.      Undersigned counsel was scheduled to meet with Mr. Mulkerin again on Monday, March 23, 2026. However, prior to the evening meeting, the United States Marshal Service ("USMS") transported Mr. Mulkerin to the Columbia County Prison. Due to prison security and attorney clearance procedures, undersigned counsel did not have confidential telephone or in-person attorney-client access to Mr. Mulkerin. Further, Mr. Mulkerin did not have access to his legal materials, as he was not permitted to bring them from Perry County Prison to Columbia County Prison.

7.      Undersigned counsel learned of this issue in the days following the government's March 17, 2026, discovery production, and attempted to resolve this matter with concurrence from the government. Given the import of this issue,

undersigned counsel needed to confidentially confer with Mr. Mulkerin before filing the within motion.

8.  On March 27, 2026, Mr. Mulkerin was transported again from Columbia County Prison to Lackawanna County Prison, and undersigned counsel was finally able to meet with Mr. Mulkerin on Saturday, March 28, 2026, to review discovery and discuss legal strategy, including the filing of the within Motion.

9.  On March 27, 2026, undersigned counsel advised counsel for the government of intent to file the within Motion.

10.  Pretrial motions were originally due on March 13, 2026, and undersigned counsel files this Motion at the first possible opportunity after reviewing discovery with Mr. Mulkerin on March 28, 2026.

## Legal Standard

11.  28 U.S.C. § 455 requires that a justice, judge, or magistrate judge of the United States disqualify himself or herself in any proceeding in which his or her partiality might reasonably be questioned. *See* 28 U.S.C. § 455(a).

12.  Disqualification is also required when a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455 (b)(1).

3

13.     Canon 2.11 of the Model Code of Judicial Conduct further requires a judge to "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned" when the judge has "personal knowledge of facts in dispute in the proceeding."

14.     The objective standard requires disqualification when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (additional citations omitted). "If the record presents a close question, the court must resolve the issue in favor of disqualification." *Lease v. Fishel*, 712 F.Supp. 2d 359, 373 (M.D.Pa. 2010) (Judge Carlson), citing *United States v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).

### The Record and the Government's Evidence

15.     In its Motion in Limine, the government seeks to introduce evidence against the defendant at trial stemming from the defendant's *pro se* litigation in bankruptcy court in the Middle District of Pennsylvania.

16.     Indeed, the specific allegation for which Mr. Mulkerin is indicted stems from a statement he allegedly made on January 7, 2026, to Marshal Hartman following the conclusion of a bankruptcy proceeding before Judge Van Eck, at which time his cases were dismissed. The government seeks to introduce emails

and other written filings related to Mr. Mulkerin's bankruptcy proceedings. (Doc. 33).

17.     This Honorable Judge was assigned to preside over the appeals of the above-referenced bankruptcy cases which were dismissed. *See* 1:25-cv-2106.

18.     In addition to the fact that this Judge was assigned to Mr. Mulkerin's bankruptcy proceedings (and is arguably one of the Judges to whom Mr. Mulkerin's alleged threats were directed), the government provided the following evidence and documents relevant to disqualification:

a)     A USMS Security Alert ("USMS Alert") dated December 10, 2025, regarding Mr. Mulkerin and containing his picture, specifically identifying U.S. Bankruptcy Judge Henry Van Eck and United States District Court Judges Jennifer Wilson, Keli Neary, Julia Munley and Karoline Mehalchik as having active cases with Mr. Mulkerin. (Exhibit "A", Security Alert, dated December 10, 2025). In the USMS Alert, the Court and courthouse security of the Middle District is advised that Mr. Mulkerin is believed to have access to firearms, and that if he is observed at *any* courthouse within the Middle District, his whereabouts should be monitored and Marshal Hartman should be notified as soon as possible. *Id.*

b)     Email dated December 11, 2025, from Marshal Hartman to Judge Munley, with the subject matter "Do you have time for a brief call?"

(Exhibit "B", email from Marshal Hartman to Judge Munley dated December 11, 2025). In the email, Marshal Hartman asks to speak with Judge Munley about Mr. Mulkerin (though not specifically named) and a USMS protective investigation. *Id.*

c)      February 6, 2026, Operational Plan, Middle District of Pennsylvania, presented at the Board of Judges Meeting and Luncheon discussing a threat analysis of Mr. Mulkerin and describing that he "demonstrated activity of concern and threatening behavior" and further outlining facts relating to the above-captioned matter. (Exhibit "C", Operational Plan, Middle District of Pennsylvania, dated February 6, 2026).

## Argument

19.     Disqualification of the Judges in the Middle District of Pennsylvania is required under 28 U.S.C. § 455 because the record establishes that the Judges of this Honorable Court had "personal knowledge of disputed evidentiary facts concerning the proceeding" and because the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455 (b)(1).  There is no evidence to support an actual claim that the Judges of the Middle District of Pennsylvania are prejudiced, but that is not the issue.  *See In re: Nettles*, 394 F.3d 1001, 1003 (7th Cir. 2005) ("We do not suggest that Judge Bucklo would in fact be prejudiced against Nettles.  The issue is appearances." *Id.*)

20.     In contrast, the record clearly establishes that all of the Judges of the Middle District of Pennsylvania were understandably made aware of the USMS investigation, that Mr. Mulkerin was the subject of it, and the Judges were provided with instructions on what to do if Mr. Mulkerin presented himself in any courthouse within the Middle District of Pennsylvania.

21.     The record further establishes that Judge Munley and other Judges within the Middle District of Pennsylvania had email exchanges and telephone conversations with Marshal Hartman regarding Mr. Mulkerin and disputed facts surrounding the instant Indictment, that is, whether Mr. Mulkerin made a "true threat".

22.     Mr. Mulkerin is charged with threatening to murder *unnamed* judges and federal law enforcement officers in the Middle District of Pennsylvania, and the record establishes that Judge Munley and other judicial officers are potential witnesses and victims in the government's case against him. (Doc. 1).

23.     Further, Marshal Hartman, who serves as the Middle District's Judicial Security Officer and Supervisory Deputy U.S. Marshal, oversees the security plans for all judges of the Middle District of Pennsylvania.

24.     The government intends to argue that Mr. Mulkerin was a "true threat" to unnamed judges within the Middle District of Pennsylvania, and will

present documentary evidence and testimony, including emails, security alerts, and discussion of Mr. Mulkerin at a Board of Judges meeting to try to prove its case.

25.    This case does not present a close question, and disqualification is required. Mr. Mulkerin requests that a judicial officer from outside of the Middle District of Pennsylvania preside over the above-captioned matter.

26.    Mr. Mulkerin is not requesting a transfer of proceedings pursuant to Rule 21 of the Federal Rules of Criminal Procedure, and he does not object to his trial being conducted in the Scranton Division of the Middle District of Pennsylvania.

27.    Assistant United States Attorney James A. Buchanan does not concur in the relief requested herein.

28.    Mr. Mulkerin invoked his right to a speedy trial in this matter, and he remains detained pending trial, therefore, the parties have been working on an expedited schedule. As such, Mr. Mulkerin respectfully requests that this Honorable Court order the United States to respond to this motion and brief on an expedited basis and schedule oral argument following the hearing scheduled for April 2, 2026.

WHEREFORE, Mr. Mulkerin respectfully requests that this Honorable Court grant his Motion to Disqualify United States District Court Judges for the Middle District of Pennsylvania.

Respectfully Submitted,

**TUCKER ARENSBERG, P.C.**

Dated: March 30, 2026

/s/  *Heidi R. Freese*

Heidi R. Freese, PA I.D. #87668
hfreese@tuckerlaw.com
Michael P. Leahey, PA I.D. #92933
mleahey@tuckerlaw.com
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
(717) 234-4121
*Attorneys for Andrew Mulkerin*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Heidi R. Freese, do hereby certify that Assistant United States Attorney James M. Buchanan does not concur in the Motion to Disqualify United States District Court Judges.

**TUCKER ARENSBERG, P.C.**

*/s/ Heidi R. Freese*
Heidi R. Freese, Esquire
Attorney I.D. PA 87668
Date: March 30, 2026                  *Attorney for Andrew Mulkerin*

## CERTIFICATE OF SERVICE

I, Heidi R. Freese, Esquire, do hereby certify that I have served Motion to Disqualify United States District Court Judges for the Middle District of Pennsylvania as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class, postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date: March 30, 2026

*Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 234-4121
HFreese@tuckerlaw.com