IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Munley, J.) |
| | : | |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

**BRIEF IN SUPPORT OF ANDREW MULKERIN'S MOTION TO DISQUALIFY UNITED STATES DISTRICT COURT JUDGES FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**INTRODUCTION**

Nothing is more important to the sanctity of our federal justice system than the public's trust in the Judiciary. This trust comes from peoples' faith in the fairness and appearance of fairness and impartiality of the judges who mete out justice. Situations will arise where the appearance of fairness is questioned. When that happens, and if a reasonable person could question the appearance of impartiality, the Judiciary must disqualify itself and request an out-of-district judicial assignment. This case presents just such a scenario. To preserve the critical appearance of fairness and impartiality, the Judges of the Middle District of Pennsylvania must disqualify themselves; not because they are actually prejudiced, but because the record and evidence could cause a reasonable person to question its impartiality and because the record clearly establishes that the Judges of this Honorable Court have personal knowledge of disputed facts. 18 U.S.C. § 455.

## PROCEDURAL HISTORY

On February 18, 2026, a Grand Jury indicted Mr. Mulkerin on a single count, Threatening to Assault Unnamed United States Judges and Unnamed Federal Officers of the Middle District of Pennsylvania, in violation of 18 U.S.C. § 115(a)(1)(B) (Count 1). (Doc. 1).  On February 20, 2026, Mr. Mulkerin appeared before the Honorable Daryl F. Bloom and entered a not guilty plea to the Indictment. Judge Bloom recused himself from the proceedings and the matter was reassigned to United States Magistrate Judge Phillip J. Caraballo, who does not sit in the Sylvia H. Rambo United States Courthouse. On February 20, 2026, and February 23, 2026, following full detention hearings, United States Magistrate Judge Phillip J. Caraballo entered an Order of Detention.

Mr. Mulkerin exercised his constitutional right to a speedy trial, and a pretrial conference and appeal hearing from the February 23 detention order are scheduled before this Honorable Court for April 2, 2026.  Jury selection and trial are scheduled for April 15, 2026.

Undersigned counsel received discovery from the government on March 17, 2026, which included video surveillance and approximately 1,692 documents. Undersigned counsel provided a copy of discovery via hand delivery to Mr. Mulkerin at the Perry County Prison on the morning of March 13, 2026. Undersigned counsel was scheduled to meet with Mr. Mulkerin again on Monday,

2

March 23, 2026, however, prior to the meeting scheduled for the evening of March 23, 2026, the United States Marshal Service ("USMS") transported Mr. Mulkerin to the Columbia County Prison. Due to prison security and attorney clearance procedures, undersigned counsel did not have confidential telephone or in-person attorney-client access to Mr. Mulkerin. Further, Mr. Mulkerin did not have access to his legal materials, as he was not permitted to bring them from Perry County Prison to Columbia County Prison.

On March 27, 2026, Mr. Mulkerin was transported again from Columbia County Prison to Lackawanna County Prison, and undersigned counsel was finally able to meet with her client on Saturday, March 28, 2026, to review discovery and discuss legal strategy, including the filing of the within motion. On March 28, 2026, undersigned counsel advised counsel for the government of intent to file the within motion.

Pretrial motions were originally due on March 18, 2026, and undersigned counsel files this motion at the first possible opportunity after reviewing discovery with Mr. Mulkerin on March 28, 2026.

## Legal Standard

28 U.S.C. § 455 requires that a justice, judge, or magistrate judge of the United States disqualify himself or herself in any proceeding in which his or her partiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). Disqualification

3

is also required when a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455 (b)(1).  In addition to the mandate in Title 28, Canon 2.11 of the Model Code of Judicial Conduct further requires a judge to "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned" when the judge has "personal knowledge of facts in dispute in the proceeding."

Courts in the Third Circuit and throughout the country have further interpreted these standards. The objective standard requires disqualification when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (additional citations omitted). "If the record presents a close question, the court must resolve the issue in favor of disqualification." *Lease v. Fishel*, 712 F.Supp. 2d 359, 373 (Pa.M.D. 2010) (Judge Carlson), citing *United States v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).

### Argument

In its Motion in Limine, the government seeks to introduce evidence against the defendant at trial stemming from the defendant's *pro se* litigation in bankruptcy court in the Middle District of Pennsylvania and his conduct for months leading up to January 1, 2026. Specifically, it is alleged that Mr. Mulkerin made a statement to Marshal Hartman that he might "shoot up the place" following the conclusion of

a bankruptcy proceeding before Judge Van Eck on January 7, 2026. In its pretrial filings, the government seeks to introduce emails and other written filings related to Mr. Mulkerin's bankruptcy proceedings. (Doc. 33).

As an initial matter, this Honorable Judge was assigned to preside over the appeals of the above-referenced bankruptcy proceedings. *See* 1:25-cv-2106. In addition to the fact that this Honorable Judge was assigned to Mr. Mulkerin's bankruptcy appeals and could be construed as a witness or victim, the government provided the following evidence and documents relevant to disqualification:

1)    A USMS Security Alert ("USMS Alert") dated December 10, 2025, regarding Mr. Mulkerin and containing his picture, specifically identifying U.S. Bankruptcy Judge Henry Van Eck and United States District Court Judges Jennifer Wilson, Keli Neary, Julia Munley and Karoline Mehalchik as having active cases with Mr. Mulkerin. (Exhibit "A", Security Alert, dated December 10, 2025). In the USMS Alert, the Court and courthouse security of the Middle District is advised that Mr. Mulkerin is believed to have access to firearms, and that if he is observed at *any* courthouse within the Middle District, his whereabouts should be monitored and Marshal Hartman should be notified as soon as possible. *Id.*

5

2)      Email dated December 11, 2025, from Marshal Hartman to Judge Munley, with the subject matter "Do you have time for a brief call?" (Exhibit "B", email from Marshal Hartman to Judge Munley dated December 11, 2025). In the email, Marshal Hartman asks to speak with Judge Munley about Mr. Mulkerin (though not specifically named) and a USMS protective investigation. *Id.*

3)      February 6, 2026, Operational Plan, Middle District of Pennsylvania, presented at the February 6, 2026, Board of Judges Meeting and Luncheon discussing a threat analysis of Mr. Mulkerin and describing that he "demonstrated activity of concern and threatening behavior" and further outlining facts relating to the above-captioned matter. (Exhibit "C", Operational Plan, Middle District of Pennsylvania, dated February 6, 2026). Based upon the record in this case, and for the reasons that follow, Mr. Mulkerin respectfully requests that the United States District Court Judges for the Middle District of Pennsylvania disqualify themselves and that a judicial officer outside of the Middle District of Pennsylvania be assigned to preside over Mr. Mulkerin's pretrial and trial proceedings.

**I.**    **Disqualification of all Judges in the Middle District of Pennsylvania is required under 28 U.S.C. § 455 and Canon 2.11 of the Model Code of Judicial Conduct, because the record establishes that the Judges of this Honorable Court had "personal knowledge of disputed evidentiary facts concerning the proceeding" and because the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455 (b)(1).**

Judicial security is a critical mission of the United States Marshals Service. Since 1789, the U.S. Marshals "protect the judicial process by ensuring the safe and secure conduct of judicial proceedings and protecting federal judges, jurors and other members of the federal judiciary." (https://www.usmarshals.gov/what-we-do/judicial-security/fact-sheet).  In the Middle District of Pennsylvania, Supervisory Deputy Marshal Matthew Hartman oversees the security of all judicial officers within the district. As part of this critical role, Marshal Hartman regularly communicates with the judges whom he and the United States Marshals Service are tasked to protect. The open and candid communication between the United States Marshals Service and the Middle District Judges is vital to the administration of justice and to assuring the safety of all involved. So when multiple, unnamed Judges of the Middle District are potential victims of an alleged genuine threat, it is necessary for a judicial officer outside of the Middle District of Pennsylvania to oversee the trial of the defendant charged with committing that crime.

As a preliminary matter, courts "that have addressed the issue of recusal based on threats have held that a threat to a judge that appears to be genuine and not just motivated by a desire to recuse the judge requires recusal." *In re" Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005) (citing) *United States v. Yousef*, 327 F3d 56 (2nd Cir. 2003); *Nicholas v. Alley*, 71 F.3d 347 (10th Cir. 1995); *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994); *United States v. Cooley*, 1 F.3d 985 (10th Cir. 1993).  Here the government alleges that Mr. Mulkerin made a genuine threat against the Judges of the United States District Court for the Middle District of Pennsylvania. Because the government has alleged that Mr. Mulkerin made a threat against multiple, unnamed judges in the  Middle District, and because the record establishes that the United States Marshals Service, in furtherance of its Mission, was regularly communicating with the Middle District Judges about Mr. Mulkerin and his actions and disputed facts which underly the charges in this case, disqualification of the entire Middle District Court is necessary.

Specific to this Honorable Court, Judge Munley was specifically assigned to hear the appeal of Mr. Mulkerin's bankruptcy matter. The government alleges that Mr. Mulkerin threatened to kill unnamed judges immediately following the dismissal of his bankruptcy proceedings.  It is axiomatic that if the government believes Mr. Mulkerin's threat was genuine, that it would also directly apply to Judge Munley, and the evidence supports this conclusion.   On December 10, 2025,

8

an USMS Alert specifically listed Judge Munley and several other Middle District Judges who were presiding over cases with Mr. Mulkerin. The next day, December 11, 2025, Marshal Hartman emailed Judge Munley and asked if she had time for a telephone call to discuss Mr. Mulkerin.  Undersigned counsel does not have a report of that telephone conversation, so it unknown what underlying and disputed facts of this case were discussed during that call. Based upon the government's filings and what it argues as relevant events leading up to the January 7, 2026 alleged threat, it is reasonable to conclude that Mr. Mulkerin's conduct was likely discussed.

Although undersigned counsel does not question the impartiality of this Honorable Court, and counsel has no doubt that the Court also believes itself to be impartial, that is not the question upon which this issue turns.  The issue of disqualification turns on the question of whether the judge's "impartiality might reasonably be questioned" by an outside observer. 28 U.S.C. 455(a).  To this end, courts have cautioned that, "[I]t is essential to hold in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be." *In re: Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

Because Judge Munley was identified on a USMS Alert relative to Mr. Mulkerin's conduct and because Judge Munley had private communications with the Marshal's Office, a division of the Department of Justice, about Mr. Mulkerin

9

before he was charged, a reasonable outside observer could call into question the Court's impartiality.  This requires disqualification under 28 U.S.C. 455(a).

To the extent the government attempts to distinguish *Nettles* on the grounds that Judge Munley does not sit in the Rambo courthouse, this distinction fails.  Mr. Mulkerin is charged with threats to unnamed United States judges and federal officers.  Mr. Mulkerin had cases pending in both the Harrisburg and Scranton courthouses.  The government's position is that Mr. Mulkerin threatened people, not buildings.  As such, the location of the people is irrelevant to this analysis.

The relief requested herein is also keeping with the Middle District's precedent in similar matters.  In the case of *United States v. Camino*, 24-cr-00345 (M.D. Pa. 2024), the defendant was charged with assaulting a federal officer in the Sylvia H. Rambo Courthouse. Upon information and belief, Camino was previously incarcerated and filed a number of civil rights cases in the Middle District of Pennsylvania.  Upon his release from prison, he traveled to the Sylvia H. Rambo courthouse and assaulted a Court Security Officer.  Less than a week after the indictment was filed, Chief Judge Michael A. Chagares issued an order pursuant to 28 U.S.C. 292(b) and designated a district judge from New Jersey to preside over this matter.  Although no reason was provided, it is clear that the designation of an out of district judge was to avoid any question or impartiality.

10

## CONCLUSION

For all of the foregoing reasons, Mr. Mulkerin respectfully requests that the

Judges of the Middle District of Pennsylvania disqualify themselves pursuant to 28

U.S.C. § 455 and Canon 2.11 of the Model Code of Judicial Conduct.

**TUCKER ARENSBERG, P.C.**

Dated: March 30, 2026          /s/  *Heidi R. Freese*
Heidi R. Freese, PA I.D. #87668
hfreese@tuckerlaw.com
Michael P. Leahey, PA I.D. #92933
mleahey@tuckerlaw.com
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
(717) 234-4121
*Attorneys for Andrew Mulkerin*

## <u>CERTIFICATE OF SERVICE</u>

I, Heidi R. Freese, Esquire, do hereby certify that I have served the Brief in

Support of Motion to Disqualify United States District Court Judges for the Middle

District of Pennsylvania as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class,

postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date: March 30, 2026            *Heidi R. Freese*
                                 Heidi R. Freese, Esquire
                                 PA I.D. #87668
                                 300 Corporate Center Drive, Ste. 200
                                 Camp Hill, PA 17011
                                 (717) 234-4121
                                 HFreese@tuckerlaw.com