

U.S. Department of Justice
*BRIAN D. MILLER*
*United States Attorney*
*Middle District of Pennsylvania*
*Website:* www.justice.gov/usao/pam/
*Email:* usapam.contact@usdoj.gov

---

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA  18503-0309*
*(570) 348-2800*
*FAX (570) 348-2037/348-2830*
*TTY (570) 341-2077*

*Sylvia H. Rambo United States Courthouse*
*1501 N. 6th Street*
*Box 202*
*Harrisburg, PA  17102*
*(717) 221-4482*
*FAX (717) 221-4493/221-2246*
*TTY (717) 221-4452*

*Herman T. Schneebeli Federal Building*
*240 West Third Street, Suite 316*
*Williamsport, PA  17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*
*TTY (570) 326-9843*

*Please respond to:*  Scranton

May 5, 2026

The Honorable Renée Marie Bumb
Chief District Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:   United States v. Andrew Mulkerin
      Case No. 1:26-CR-22

Dear Chief Judge Bumb:

The government respectfully submits this letter brief to inform the Court regarding the Government's calculation of this case's Speedy Trial Clock.  As set forth below, the Government believes that only four days have elapsed on the Speedy Trial Clock under this Indictment.

PROCEDURAL BACKGROUND

On February 18, 2026, a federal grand jury in Harrisburg, Pennsylvania, returned an Indictment charging the defendant, Andrew

Mulkerin, with one count of Threatening to Murder and Assault United States Judges and Federal Officers, in violation of Title 18, United States Code, §115(a)(1)(B) (Doc. 1). The case remained sealed until February 20, 2026. (Doc. 16).

The defendant first appeared in federal Court on February 20, 2026, before the Honorable Daryl F. Bloom, Chief Magistrate Judge, Middle District of Pennsylvania, for his initial appearance and pled not guilty to the Indictment. (Doc. 12). A full detention hearing was held before the Honorable Phillip J. Caraballo, United States Magistrate Judge on February 20, 2026, and February 23, 2026, after which the defendant was detained pending trial.

On February 23, 2026, the Honorable Julia K. Munley, United States District Judge, issued a Preliminary Pretrial Scheduling Order setting the date for filing pre-trial motions on March 13, 2026, and the date for jury selection and trial on April 13, 2026.  (Doc. 17).  In the Scheduling Order, Judge Munley found that the "such a delay outweighs the best interest of the public and the Defendant in a speedy trial," and excluded the time between the date of the Order and the pretrial motions deadline from the speedy trial calculation pursuant to the Speedy Trial Act, 18 U.S.C.  §§3161(h)(7)(A) and (h)(7)(B)(i) & (iv).

In the Order, Judge Munley also set forth the reasons for this finding. (Doc. 17).

On March 16, 2026, Judge Munley issued a Scheduling Order, setting the date for the defendant's jury selection and trial for April 13, 2026, and the date for the pre-trial conference on April 2, 2026. (Doc. 28). In that Order, Judge Munley further excluded "any delay occasioned by the scheduling of this trial" from the speedy trial calculation pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and (h)(8)(B)(i) & (iv). (Doc. 28).

On March 17, 2026, the defendant filed an unopposed motion to continue the deadlines for Motions in Limine, and other trial documents. (Doc. 30).

On March 18, 2026, Judge Munley issued an Order granting the unopposed motion to continue the deadline for Motions in Limine, and other trial documents, to March 19, 2026, with Briefs in Opposition due on or before March 27, 2026.  (Doc. 31).  Judge Munley also found that the "ends of justice will be served by affording additional time to file motions in limine and that denial of the motion would likely result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)." (Doc. 31).

On March 19, 2026, the Government filed a Motion in Limine and Notice of Intent to Introduce Relevant Evidence, or Alternatively to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), along with an accompanying Brief in Support. (Docs. 33 & 36).

After other filings, on March 27, 2026, the Defendant filed a Brief in Opposition to the Government's Motion in Limine. (Docs. 38-43, 44). No Reply Brief was filed by the Government.

On March 30, 2026, after the filing deadline for pretrial motions had passed in this matter, the Defendant filed an untimely Motion to Disqualify United States District Court Judges for the Middle District of Pennsylvania, with an accompanying Brief in Support. (Docs. 46 & 47).

After other filings, on April 15, 2026, a hearing was held before Judge Munley on the recusal matter.  On the next day, Judge Munley granted the defendant's motion, in part, and denied the defendant's motion, in part, and recused herself from the case. (Doc. 56).

On April 24, 2026, this matter was reassigned to this Court. On April 28, 2026, this Court issued an Order scheduling a hearing for May 12, 2026, to resolve the defendant's motion for reconsideration of detention and the Government's Motion in Limine. (Doc. 60).

## LEGAL STANDARD

Speedy Trial Act

The Speedy Trial Act ("STA") requires that a trial start "within seventy days from the filing date (*and making public*) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2016)(emphasis added); 18 U.S.C. § 3161(c)(1).

For purposes of the STA, the "clock" starts the day after a defendant's initial appearance in court. *United States v. Anderson,* 902 F.2d 1105, 1108 n.1 (2d Cir. 1990).

The STA's also allows that certain periods of delay "shall be excluded ... in computing the time within which the trial ... must commence." 18 U.S.C. § 3161(h). The most common form of "excludable" delay results from the filing and disposition of pretrial motions. 18 U.S.C. §3161(h)(1)(D).  This subsection provides that the STA clock is tolled from the "filing of any pretrial motion" until the "conclusion of the hearing on, or other prompt disposition of, [that] motion." If no hearing is required, Section 3161(h)(1)(H) permits the exclusion of no more than 30 days from the time a motion is under advisement by the court.

5

*Henderson v. United States*, 476 U.S. 321, 329 (1986). If a hearing is required to resolve a motion, the entirety of the time from the filing of the motion to the date of the hearing is excludable.; *Id.*; *United States v. Polan*, 970 F.2d 1280, 1284 (3d Cir. 1992).

For purposes of this exclusion, "any pretrial motion" includes motions *in limine*, "except when a district court clearly indicates that it is reserving judgement until trial, whether by stating as much or by following a regular practice of postponing decision on motions in limine for trial." *United States v. Adams*, 36 F.4th 137, 151 (3d Cir. 2022).

The date that a motion is filed and the date which the court disposes of a motion are excluded from the Speedy Trial Act's calculation. *See United States v. Willaman*, 437 F.3d 354, 359 (3d Cir. 2006); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984).

The Speedy Trial Act also provides for periods of exclusion for "[a]ny period of delay from a continuance granted by any judge on his own motion, or at the request of the defendant or his counsel, or at the request of the attorney for the Government" where the judge finds that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." See 18

6

U.S.C. §3161(h)(7)(A).  To be excludable, the court must set forth, either orally or in writing, the reasons for its finding. *Id.*

DISCUSSION

Here, the Government calculates that 4 days have likely elapsed under the Speedy Trial Clock but, depending on the wording of one of Judge Munley's scheduling Orders, at most 5 days are attributable for purposes of the Speedy Trial Act.  The Government's Speedy Trial Clock analysis is as follows:

- February 20, 2026 – the defendant's Speedy Trial "clock" starts the day after a defendant's first appearance in federal court. *United States v. Anderson,* 9002 F.2d 1105, 1108 n.1 (2d Cir. 1990); *Government of Virgin Islands v. Duberry*, 923 F.2d 318, 320 n.8 (3d Cir. 1991).  **(2 days- February 21-22, 2026)**

- February 23, 2026 – The defendant's Speedy Trial clock is tolled by Judge Munley's Preliminary Scheduling Order which excludes the time between February 23, 2026, to March 13, 2026, under §§3161(h)(7)(A) and (h)(7)(B)(i) & (iv).  This Order includes a sufficient basis for Judge Munley's findings, including giving the parties time to adequately prepare for trial.  **(Speedy Trial Clock tolled on February 23, 2026, through March 13, 2026).**

7

- March 14, 2026, Speedy Trial Clock re-commences after the deadline for pre-trial motions passed.

- March 16, 2026, Speedy Trial Clock tolled due to Judge Munley's Scheduling Order Excluding the time between March 16, 2026, and April 13, 2026.   However, this Order did not lay out a factual basis for the "ends of justice" toll. **(4 days total, March 14-15, 2026)**

- March 17, 2026, Speedy Trial Clock Tolled by unopposed motion to file motions in limine. This unopposed motion would toll the Speedy Trial Clock if the March 16, 2026, Scheduling Order is deemed insufficient to meet the requirements of the "ends of justice" exclusion. **(Alternatively, 5 days total March 14-16, 2026)**

- March 18, 2026, Speedy Trial Clock Tolled by Judge Munley's Order continuing the deadline for Motions in Limine to April 19, 2026.

- March 19, 2026, Speedy Trial Clock tolled by Government's Motion in Limine, until the hearing resolving the motion.  The hearing to resolve the motion *in limine* is currently scheduled for April 12, 2025.

For the reasons described above, the Government contends that, at most, 5 days have elapsed on the Speedy Trial clock in this case, but that the most appropriate calculation is 4 days.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

/s/ James M. Buchanan
JAMES M. BUCHANAN
Assistant U.S. Attorney