IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Chief Judge Bumb) |
| | : | |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

## **PARTIES' JOINT PROPOSED JURY INSTRUCTIONS**

AND NOW come the defendant, Andrew Mulkerin, by and through his

attorney, Heidi R. Freese, Esquire, and the law firm of Tucker Arensberg, P.C., and

the United States, and jointly respectfully request that This Honorable Court

instruct the jury on the law as set forth in the following requests.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date: May 5, 2026

/s/Heidi R. Freese
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 234-4121
HFreese@tuckerlaw.com

## 1. Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))[1]

You have heard testimony that Mr. Mulkerin was engaged in behavior which the government argues is relevant to the defendant's intent to commit the crime charged.

This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether Mr. Mulkerin had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; you may consider this evidence only for this limited purpose.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have

---

[1] Third Circuit Model Criminal Jury Instructions §4.29 (2024). The instruction is included considering the government's pending motion for admission of such evidence.

committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the charge arising on January 7, 2026, not for these other acts. Do not return a guilty verdict unless the government proves the crime*(s)* charged in the indictment beyond a reasonable doubt.

### 2. Credibility of Witnesses[2]

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any

---

[2] Third Circuit Model Criminal Jury Instructions, § 3.04 (2024).

motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient

to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### 3. Credibility of Witnesses - Law Enforcement Officer [3]

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

[3] Third Circuit Model Criminal Jury Instructions §4.18 (2024).

### 4. Defendant's Choice not to Testify or Present Evidence[4]

Mr. Mulkerin did not testify or present any evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Mulkerin did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Mulkerin did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

[4] Third Circuit Model Criminal Jury Instructions §4.27 (2024).

### 5. Defendant's Testimony[5]

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Mulkerin testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

---

[5] Third Circuit Model Criminal Jury Instruction §4.28 (2024).

### 6. On or About[6]

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---

[6] Third Circuit Model Criminal Jury Instruction § 3.08 (2024).

### 7.  Not all Evidence, Not All Witnesses Needed[7]

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

---

[7] Third Circuit Model Criminal Jury Instructions § 3.05 (2024).

## 8. Proof of Required Mental State of Mind[8]

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendants' states of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendants' states of mind at a particular time, you may consider evidence about what the defendants said, what the defendants did and failed to do, how the defendants acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendants' minds at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendants' states of mind.

You may also consider the natural and probable results or consequences of any acts the defendants knowingly did, and whether it is reasonable to conclude that the defendants intended those results or consequences. You may find, but you are not required to find, that the defendants knew and intended the natural and probable consequences or results of acts they knowingly did. This means that if you find that an ordinary person in the defendants' situation would have naturally realized that certain consequences would result from their actions, then you may

---

[8] Third Circuit Model Criminal Jury Instruction § 5.01 (2024).

find, but you are not required to find, that the defendants did know and did intend that those consequences would result from their actions.  This is entirely up to you to decide as the finders of the facts in this case.

### 9. Knowingly – Defined[9]

The offense of threatening to murder or assault a federal official or officials, as charged in the indictment, requires that the government prove that the defendant acted "knowingly" with respect to a certain elements of the offense.  A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason.  This means that the government must prove beyond a reasonable doubt that the defendants were conscious and aware of the nature of their actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendants acted "knowingly" you may consider evidence about what the defendants said, what the defendants did and failed to do, how the defendants acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendants' minds at that time

---

[9] Third Circuit Model Criminal Jury Instruction § 5.02 (2024).

**10. Intentionally**[10]

The offense of threatening to murder or assault a federal official or officials, as charged in the indictment, requires that the government prove that the defendant acted "intentionally" with respect to certain elements of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time

---

[10] Third Circuit Model Criminal Jury Instruction § 5.03 (2024).

### 11. Elements of the Offense Charged[11]

The defendant is charged in the Indictment with committing the offense of Threatening to Murder and Assault United States Judges and Federal Officers, in violation of Title 18, United States Code, Section 115(a)(1)(B).  This offense has three essential elements, which are:

**First**:  That the defendant threatened to murder or assault the individuals listed in the Indictment, to wit: unnamed United States and unnamed Federal law enforcement officers;

**Second**:  That at the time of the alleged threat, the unnamed United States Judges and unnamed Federal law enforcement officers were federal officials; and

**Third**: That the defendant acted with the intent to impede, intimidate, or interfere with those officials while engaged in the performance of their official duties or with the intent to retaliate against those officials on account of the performance of their official duties.

In order to find the defendant guilty of this offense, you must all find that the Government has proved each of these elements beyond a reasonable doubt.

I will explain each of these elements in more detail.

---

[11] Third Circuit Model Criminal Jury Instructions, § 3.10 (2024); *United States v. D'amario*, 330 Fed. Appx. 409, 412 (3d Cir. 2009); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021) (*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024).

**12. Element One - Threat to Assault and Murder**[12]

The first element the Government must prove beyond a reasonable doubt is that the defendant made a threat to murder and assault unnamed United States Judges and Federal law enforcement offices as charged in the Indictment.

As this is a case involving speech, I advise you that the First Amendment protects vehement and offensive criticism of public officials, including judges and federal law enforcement officers.  The First Amendment also protects political exaggeration and expressions of opinion.  And further, the First Amendment protects mere advocacy of the use of force or violence. But the First Amendment does not protect "true threats."

---

[12] *See* Sand, Siffert, Loughlin, Reiss & Batterman, Modern Federal Jury Instructions (Criminal), ¶31.03, Instruction 31-13 (December, 2023) (modified - deleted "a statement may be a threat even if it was never communicated, nor intended to be communicated to the target of the threat); *see also id.* at ¶14.02, Instruction 14-13 (2017); *Counterman v. Colorado,* 600 U.S. 66, 69 (2023); *Elonis v. United States,* 575 U.S. 723, 740 (2015). *See also* Modern Federal Jury Instructions-Criminal, Instruction 14 (2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024); *United States v. Davitashvili*, 97 F.4th 104, 109 (3d Cir. 2024); *United States v. Watts*, 394 U.S. 705 (1969); *United States v. Hunt*, Crim. No. 21-CR-86 (E.D.N.Y. April 28, 2021); *Virginia v. Black*, 538 U.S. 343, 360 (2003)(threats fall outside of the First Amendment where "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals" which places the recipient in fear of violence; *United States v. Stock*, 728 F.3d 287, 301 (3d Cir. 2013)(context); *United States v. Cruz*, 713 F.App'x 82, 87 (3d Cir. 2017)(noting that the Third Circuit has not decided whether the *Elonis* subjective requirement extends to §115(a)(1)(B) and citing cases holding that it does not.).

A true threat is a serious statement expressing an intention to inflict bodily injury or murder at once or in the future. This is distinguished from political hyperbole, idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement would understand it as a serious expression of intent to inflict bodily injury or murder (or a reasonable person making the statement would foresee that the recipient would understand it as a serious expression of intent to inflict bodily injury or murder). The defendant must have made the statement intending it to be a threat, or with the knowledge that the statement will be viewed as a threat.

To determine whether or not Mr. Mulkerin made a threat, you should consider the circumstances under which the statement was made, including its context with respect to the surrounding conversation, the language the defendant used, and the reaction to those who heard or read the statement.

It is not necessary that the Government prove that Mr. Mulkerin intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future.

**13. Element Two – Victim was a Federal Official**[13]

The second element the Government must prove beyond a reasonable doubt is that at the time of the alleged threat, at least one of the targets of the alleged threat was a federal official.  I instruct you that United States Judges and United States law enforcement officials, as charged in the Indictment, are federal officials.  However, it is for you to determine if any of the targets of the alleged threat held that title at the time in question.

The Government does not have to prove that the defendant knew that any of the targets of the alleged threats were federal officials.  It is sufficient to satisfy this element for the Government to prove that the target or targets were federal officials at the time of the alleged threat.  Whether the defendant knew that the target was a federal official at the time is irrelevant to such a determination and should not be considered by you.

---

[13] Modern Federal Jury Instructions-Criminal, Instruction 14-15 (2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024).

**14. Element Three – Intent**[14]

The third element the Government must prove beyond a reasonable doubt is that the defendant acted with the intent to impede, intimidate, or interfere with the official or officials while the official or officials were engaged in the performance of their official duties or with the intent to retaliate against the official or officials on account of the performance of their official duties.

The word "impede" means to stop the progress, obstruct, or hinder;

The word "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe;

The word "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, to intervene;

The word "retaliate" means to return like for like, to act in reprisal for some past act; and

The phrase "engaged in" and "on account" of "the performance of their official duties means that the defendant's actions related to the victim or victims' performance of their jobs as a federal official.

---

[14] Modern Federal Jury Instructions-Criminal, Instruction 15 (2015); *United States v. Miah*, 546, F.Supp.3d. 407 (W.D. Pa. 2021)(*affirmed United States v. Miah*, 120 F.4th 99 (3d Cir. 2024)); (1969); *United States v. Hunt*, Crim. No. 21-CR-86 (E.D.N.Y. April 28, 2021); *United States v. Stubler*, 271 Fed. Appx. 169, 170 (3d Cir. 2008)(relating to official duties).

To find that the defendant intended to impede, intimidate, interfere, or retaliate against the official or officials, you must be satisfied beyond a reasonable doubt either (1) that the defendant had the conscious desire or purpose to impede, intimidate, interfere, or retaliate, or (2) that he knew that he would be practically certain to impede, intimidate, interfere, or retaliate.  Direct proof of a defendant's intent is almost never available and is thus not required.  The ultimate fact of intent may be established by circumstantial evidence, as I will define.  This evidence may include the defendant's outward manifestation, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.  You may consider, for example, whether there is evidence that the defendant intended or did not intend any of his statements to reach the officials in question.  The Government, however, does not need to prove that the alleged threats, actually reached those officials.

## 15. Use of Conjunctive "and"[15]

Where a Statute specifies several alternative ways in which an offense may be committed, the Indictment may allege the several ways in the conjunctive, that is, by using the word "and." If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.

---

[15] *United States v. Niederberger*, 580 F.2d 63, 67-68 (3d Cir. 1978).

## <u>CERTIFICATE OF SERVICE</u>

I, Heidi R. Freese, Esquire, do hereby certify that I have served Defendant's

Proposed Jury Instructions electronically as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class,

postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date: May 5, 2026                     /s/*Heidi R. Freese*
                                      Heidi R. Freese, Esquire
                                      PA I.D. #87668
                                      300 Corporate Center Drive, Ste. 200
                                      Camp Hill, PA 17011
                                      (717) 234-4121
                                      HFreese@tuckerlaw.com