IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Chief Judge Bumb) |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER OF FEBRUARY 23, 2026

### I.  Introduction

Andrew Mulkerin by and through his counsel, Heidi R. Freese, Esquire, and Michael P. Leahey, Esquire, of Tucker Arensberg, PC, submits this Supplemental Brief in Support of his Motion to Reconsider the Detention Order entered in this case. In short, Mr. Mulkerin should be released with conditions for the reasons set forth in his Brief in Support of Defendant's Motion to Reconsider (Doc. 27) and because, as further explained below, Mr. Mulkerin—an involved father and experienced entrepreneur—does not have access to firearms (nor does he have the capability to create a firearm).

### II.  Argument

#### A. Mr. Mulkerin does not have access to firearms.

In the past, Mr. Mulkerin had access to four different firearms, all of which he no longer has access to: (1) a Smith & Wesson .45, which is now in the custody of the York County Sherriff's Department; (2) an AR-15, which is also now in the

custody of the York County Sherriff's Department; (3) a Glock 9mm which Mr. Mulkerin sold back to the dealer (*see* Exh. "A"); (4) Mr. Mulkerin's estranged father-in-law's hunting rifle which, to the best of Mr. Mulkerin's knowledge, is still in his father-in-law's custody.

The Government does not dispute that the Smith & Wesson .45 and the AR-15 are in the custody of the York County Sherriff's Department, and, therefore, Mr. Mulkerin is unable to access them upon his release. Similarly, the Glock 9mm is outside of Mr. Mulkerin's metaphorical reach as well. Finally, Mr. Mulkerin is estranged from his father-in-law and has no information about whether he still owns the hunting rifle or where it is located. What Mr. Mulkerin *does* know is that the hunting rifle is not in his residence and he would not have access to it upon his release.

The Government speculates that Mr. Mulkerin has access to other firearms based on his possession of five types of ammunition. But the ammunition corresponds with the firearms he *previously* had access to which (as described above) he no longer can access: (1) .45 caliber ammunition for the Smith & Wesson .45; (2) 9mm ammunition for the Glock 9mm; (3) .270 ammunition for Mr. Mulkerin's father-in-law's hunting rifle; (4) 5.56 ammunition for the AR-15; and (5) .223 ammunition also for the AR-15. The Government's apparent confusion stems from the fact that the AR-15 which Mr. Mulkerin previously

possessed utilizes both 5.56 and .223 ammunition. But the Government's confusion does not a persuasive argument make.  The ammunition in Mr. Mulkerin's home is easily explained by the firearms to which all parties agree he previously had access. To the extent the Government argues that the ammunition is evidence of access to firearms aside from the above, that argument is baseless.

### B. Mr. Mulkerin's Family's 3D Printer is Not Capable of Making a Working Firearm.

Much has been made of the Mulkerin family's 3D printer which was first brought to this Court's attention in the Pretrial Services Report which noted that, "[a] 3D printer was observed on the opposite end of the basement in a craft room." Pretrial Services Report at 1. The location of the 3D printer in the craft room is consistent with the family's use of the printer. The 3D printer's origin is also relevant—the Mulkerin parents purchased the printer as a prize for their children after they engaged in an educational project as a family. Consistent with this use, the printer is not very sophisticated. In other words, it does not have the technology to make a working firearm (or "ghost gun"). The 3D printer will be in court at the May 12, 2026 hearing for the Court's inspection.

### C. Mr. Mulkerin is an Involved Father and an Experienced Entrepreneur.

As reflected in Mr. Mulkerin's resume (Exh. "B"), since he graduated from Harvard Business School with an MBA in 2005, Mr. Mulkerin has been an entrepreneur, founding and managing multiple companies. Although Mr. Mulkerin's business activities have been interrupted by some financial and legal trouble, he continues to pursue these business interests through active litigation. Mr. Mulkerin is not "unemployed" in the traditional sense; he is an experienced entrepreneur who is working towards future business endeavors.

Mr. Mulkerin is also an active parent for his two children. *See* Exh. "C". His daily routine includes taking one of his children to school each morning and conducting both children's bedtime routines each night. He attends his children's sports practices and games and school-related functions, and he finds and takes them to activities at the library that fit their interests. Even while detained, Mr. Mulkerin remains invested in his children's lives and activities and talks to them every chance he gets.

## III.    Conclusion

For the foregoing reasons, and those detailed in Mr. Mulkerin's Brief in Support of Defendant's Motion to Reconsider Detention Order of February 23, 2026, Mr. Mulkerin respectfully seeks release under the conditions previously outlined.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date: May 8, 2026

*/s/ Heidi R. Freese*
Heidi R. Freese, PA I.D. #87668
Michael P. Leahey, PA I.D. #92933
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 221-7967
HFreese@tuckerlaw.com
MLeahey@tuckerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Heidi R. Freese, Esquire, do hereby certify that I have served the herein

Supplemental Brief in Support of Defendant's Motion to Reconsider Detention

Order of February 23, 2026, electronically as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorneys

and sent to the defendant by placing the same in the United States mail, first class,

postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date:  May 8, 2026

/s/*Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 221-7967
HFreese@tuckerlaw.com