## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ANDREW MULKERIN,

        Defendant.

Criminal No. 26-22-RMB-1

**ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon its own motion.  On May 12, 2026, the Court held a hearing on the Government's Motion in Limine [Docket No. 33 (the "Motion")].  After reviewing the parties' briefing [Docket Nos. 34, 44] and hearing argument, the Court **GRANTED IN PART** and **DENIED IN PART** the Motion, issuing preliminary rulings and orders from the bench.  This Order memorializes and supplements those preliminary rulings and orders as follows:[1]

1.      As to the Government's proffered evidence of Defendant Andrew Mulkerin's ("Defendant's") May 13, 2024, filing in one of his bankruptcy court cases, such evidence shall be admitted as long as the Government does not spend unduly prejudicial time examining the filing at trial.  To prevent that, the Government shall propose a redacted filing to Defendant for his review no later than **June 24**, **2026**.  If Defendant objects to the proposed redaction, each party shall file a submission on the docket, limited to five (5) pages,

---

[1] The proceeding numeration tracks the bulleted list set forth in the Government's Motion. [Docket No. 33, at 4–15.]

explaining their respective position on the issue no later than **July 1**, **2026**, at which time the Court will take the issue under advisement;

2.     As to the Government's proffered evidence of Defendant's September 17, 2024, email, such evidence shall not be admitted;

3.     As to the Government's proffered evidence of Defendant's December 3, 2024, physical confrontation with Panel 7 trustee Steven M. Carr and Deputy United States Marshal Matthew Hartman's ("Marshal Hartman's") subsequent investigation, such evidence shall be admitted for the limited purpose of establishing Marshal Hartman's knowledge of the physical confrontation and subsequent interview and investigation of Defendant.  The Government shall not spend unduly prejudicial time detailing the confrontation beyond these parameters;

4.     As to the Government's proffered evidence of Defendant's email sent approximately one week after the December 3, 2024, confrontation, such evidence shall not be admitted;

5.     As to the Government's proffered evidence of Defendant's December 12, 2024, letter, such evidence shall not be admitted;

6.     As to the Government's proffered evidence of Defendant's additional letters provided on January 8, 2025, such evidence shall not be admitted;

7.     As to the Government's proffered evidence of Defendant's behavior during a March 26, 2025, bankruptcy proceeding, such evidence shall not be admitted;

8.     As to the Government's proffered evidence of conversations and written communications between bankruptcy court staff and Marshal Hartman, such evidence shall be admitted only in the form of Marshal Hartman's testimony and for the limited purpose of

establishing Marshal Hartman's knowledge of the policy requiring security measures when Defendant was present at the courthouse;

9. As to the Government's proffered evidence of Defendant's June 18, 2025, email, such evidence shall be admitted for the limited purpose of establishing Marshal Hartman's knowledge of the email;

10. As to the Government's proffered evidence of Defendant's presence at a September 15, 2025, bankruptcy court proceeding, such evidence shall not be admitted;

11. As to the Government's proffered evidence of Defendant's September 25, 2025, email, such evidence shall be admitted for the limited purpose of establishing Marshal Hartman's knowledge of the email;

12. As to the Government's proffered evidence of Defendant's behavior at a September 26, 2025, bankruptcy court proceeding, such evidence shall not be admitted;

13. As to the Government's proffered evidence of Defendant's behavior at a September 30, 2025, bankruptcy court proceeding, such evidence shall not be admitted;

14. As to the Government's proffered evidence of Defendant's September 30, 2025, interview with Marshal Hartman, such evidence shall be admitted;

15. As to the Government's proffered evidence of Defendant's comments during a December 3, 2025, encounter with Court Security Officer ("CSO") Brad Reiff, such evidence, based on the Government's representation at the hearing that Marshal Hartman immediately learned of the encounter and Defendant's comments, shall be admitted for the limited purpose of establishing Marshal Hartman's knowledge thereof;

16. As to the Government's proffered evidence of Marshal Hartman's December 3, 2024, January 8, 2025, and September 30, 2025, interviews with Defendant, such

evidence, based on the Government's proffer at the hearing, shall be admitted for the limited purpose of establishing that Defendant was on notice of the United States Marshals Service ("USMS") perceiving his actions as threats, the USMS's investigation into Defendant for potential criminal prosecution based upon those threats, and that any future threatening behavior would not be tolerated. The Government shall not expend unduly prejudicial time detailing the interviews beyond these parameters;

17. As to the Government's proffered evidence of the overall timeline and resolution of the bankruptcy cases involving Defendant and his wife culminating in the January 7, 2026, incident, the parties agreed at the hearing to resolve this issue by stipulation, which shall be filed on the docket no later than **July 1**, **2026**;

18. As to the Government's proffered evidence of Defendant's actions at the December 15, 2023, eviction in York, Pennsylvania, such evidence, based on the Government's proffer at the hearing, shall be admitted for the limited purpose of establishing that Marshal Hartman believed, as of January 7, 2026, that Defendant at one time possessed four guns—two pistols, an AR-15, and a ghost gun—but maintained access to one of the pistols and the ghost gun following the seizure of the other pistol and AR-15. What shall not be admitted are the circumstances surrounding the seizure of these two weapons;

19. As to the Government's proffered evidence of Defendant's additional court filings in bankruptcy proceedings, such evidence shall be admitted as long as the Government does not spend unduly prejudicial time examining the filings at trial. To prevent that, the Government shall propose a redacted filing to Defendant for his review no later than **June 24**, **2026**. If Defendant objects to the proposed redaction, each party shall file a submission

on the docket, limited to five (5) pages, explaining their respective position on the issue no later than **July 1**, **2026**, at which time the Court will take the issue under advisement;

20.     As to the Government's proffered evidence of Defendant's December 3, 2025, comments to CSO Reiff, such evidence, based on the Government's representation at the hearing that Marshal Hartman immediately learned of the encounter and Defendant's comments, shall be admitted for the limited purpose of establishing Marshal Hartman's knowledge thereof;

21.     As to the Government's proffered evidence of Marshal Hartman's investigative results into Defendant's firearm purchases, ownership, registration, and other access to firearms prior to January 7, 2026, such evidence shall be admitted.

**SO ORDERED**, this **17th** day of **June 2026**,

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge