UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:26-CR-22 |
| | : | |
| v. | : | (Chief Judge Bumb) |
| | : | |
| ANDREW MULKERIN, | : | |
| Defendant. | : | |

### GOVERNMENT'S BRIEF IN SUPPORT OF ITS *MOTION IN LIMINE* TO PRECLUDE DEFENDANT'S EXPERT WITNESS REGARDING PROSECUTORIAL DECISION-MAKING AND CHARGING OPTIONS

The United States, by and through undersigned counsel, has filed a motion *in limine* before this Court for an Order to preclude the defendant from calling Deborah L. Gramiccioni, Esq. as an expert witness to opine on prosecutorial charging policies, procedures, and mechanisms. Such considerations are irrelevant to the instant matter and would mislead and confuse the jury.

## I.    BACKGROUND

On February 18, 2026, a federal grand jury in Harrisburg, Pennsylvania, returned an Indictment charging the defendant, Andrew Mulkerin, with one count of Threatening to Assault United States

1

Judges and Federal Officers, in violation of Title 18, United States Code, Section 115(a)(1)(B). (Doc. 1).

Trial in this matter is presently scheduled for July 13, 2026.

## II.  **DISCUSSION**

### A.  The Proffered Expert Opinion Should Not Be Admitted as Both Irrelevant and Because it is Misleading and Confusing to the Jury

#### i.  Federal Rules of Evidence

The Federal Rules of Evidence preclude admitting irrelevant evidence.  Fed. R. Evid. 402.  Evidence is relevant if it tends to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401.  Even if evidence is relevant, it is still inadmissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For the reasons discussed below, the opinion testimony from the defendant's proposed expert is wholly irrelevant and is therefore inadmissible.  The decisions made by the United States Attorney's Office ("USAO") of how and when to charge the defendant, as well as

the prosecutorial charging options available to the USAO simply does not make any fact about the defendant's alleged violation of 18 U.S.C. §115(a)(1)(B) on January 7, 2026, more or less probable.  Those prosecutorial decisions are irrelevant to this case.

At trial, the Government must present evidence that proves beyond a reasonable doubt, that the defendant committed every element 18 U.S.C. §115(a)(1)(B), Threatening to Assault United States Judges and Federal Officers.  In relevant part, those elements are:

> Whoever –
> (B) ***threatens*** to assault, kidnap, or murder, a United Stated official, a United States Judge, a Federal Law enforcement officer, or an official whose killing would be a crime under such section…
>
> with the ***intent to impede,*** intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with ***intent to retaliate*** against such official, judge, or law enforcement office on account of the performance of official duties, shall be punished as provided in subsection (b). (emphasis added).

Which charging mechanism chosen by the USAO, after the defendant committed this crime, does not affect the probability that on January 7, 2026, Mr. Mulkerin committed the crime of Threatening to Assault United States Judges and Law Enforcement Officers.  As the defendant's proposed expert would not opine on a relevant consideration

for the jury, such expert should be precluded on those grounds alone.
*See United States v. Ford*, 481 F.3d 215, 220 n.6 (3d Cir. 2007)(standard
for expert relevance is "higher than bare relevance" and requires the
expert testimony "*speak[] clearly and directly to an issue in dispute* in
the case, and that *it will not mislead the jury*."(emphasis in original,
quotations omitted).

ii.    Opinion Testimony on Prosecutorial Charging
       Decisions Would Confuse and Mislead the Jury

Even if deemed relevant, the proposed expert opinion should be
precluded as the danger such testimony presents in confusing or
misleading the jury substantially outweighs any slight probative value
it may contain. *See* Fed. R. Evid. 403.

The decision to *arrest* a defendant, made by an eye-witness federal
law enforcement officer, is different than a decision *to charge* a
defendant, made by the relevant USAO.[1]  The defendant's proposed

---

[1] The timing of the defendant's *arrest*, which differs from the charging decision
made by the USAO may have some slight probable value, as it could tend to make
DUSM Hartman's immediate belief that the defendant's January 7, 2026, threat
was a "true threat," more or less believable. *See Kosma*, 951 F.2d 549, 554 (3d Cir.
1991).  The Government contends that no expert testimony is needed to aid the
jurors' understanding that a federal law enforcement officer is authorized to arrest
an individual if he believes they have committed a federal crime, a proposition
requires no specialized training or knowledge.

expert opinion, as noticed, only goes to the different prosecutorial decisions made in this investigation. *See United States v. Washington*, 869 F.3d 193, 214 (3d Cir. 2017)(in-depth discussion on the differences between selective *prosecution*, pertaining to the actions of prosecutors, and selective *enforcement*, pertaining to the actions of law enforcement) (emphasis added).

The Government has broad discretion to initial and conduct criminal prosecutions. *United States v. Armstrong,* 517 U.S. 456, 464 (1996). If probable cause exists to believe the defendant has committed an offense, the decision to prosecute, when to prosecute, how to prosecute, and where to prosecute the defendant lies within the discretion of the prosecutor, and such discretionary actions are largely "ill-suited" to judicial review. *See Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978)(decision to prosecute, provided probable cause exists, generally rests entirely in prosecutor's discretion); *see also United States v. Wayte,* 470 U.S. 598, 607 (1985)(courts are ill-equipped to evaluate the strength of case, the prosecution's general deterrence value, the government's enforcement priorities, and the case's relationship to the government's overall enforcement plan); *Citizens for*

*Resp. & Ethics in Wash. v. FEC*, 993 F.3d 880, 887-88 (D.C. 2021)("decision whether to bring an action on behalf of the United States is therefore a decision generally committed to the government's absolute discretion")(internal citations omitted); *see also United States v. Batchelder,* 442 U.S. 114, 123-125 (1979)(decision to choose between two different statutes within prosecutor's discretion if there is evidence to convict under either statute); *United States v. Gilmore*, 553 F.3d 266, 271 n. 2 (3d Cir. 2009)(timing of prosecution within prosecutorial discretion); *United States v. Santtini*, 963 F.2d 585, 586 (3d Cir. 1992)(decision to open investigation largely within prosecutor's discretion).

Federal Courts are extremely hesitant to allow evidence of prosecutorial decision-making policies and practices to be deemed discoverable, let alone admissible evidence. *Washington,* 869 F.3d at 215 "[N]either the Supreme Court nor this [c]ourt has ever found sufficient evidence to permit the discovery of a prosecutor's decision-

making policies and practices." *Id.* at 215; *see also Armstrong*, 517 U.S. at 465; *Wayte*, 470 U.S. at 608.

Any delay between the offense date and the charging date is also a topic in which federal courts are hesitant to interfere. *See United States v. Lovasco*, 431 U.S. 783, 790 (1977). In *Lovasco*, during a discussion of alleged due process violations, the Supreme Court found that found that, "it should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists," and that to "impose such a duty would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." *Id.* at 791.

The proposed expert testimony also runs counter to the Third Circuit Model Criminal Jury Instructions, namely "Nature of Indictment" which states, in part:

> "An indictment is simply a description of the charge against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that [defendant] has been indicted in making your decision."

Third Circuit Model Criminal Jury Instructions §3.07.

By eliciting expert opinion about the prosecutorial decision-making processes and trying to make the prosecutor's charging decision

a relevant consideration for the jury, the proposed expert testimony runs completely counter to this standard jury instruction.

The Third Circuit Model Criminal Jury Instruction, cited above, imposes a duty on the jurors *NOT* to consider the prosecutor's decision to charge a defendant, while the defendant's proposed expert would compel the jurors that they *SHOULD* consider the prosecutor's decision of when and how to charge the defendant. Such contradictory statements would cause juror confusion and mislead the jurors about the relevance of the nature of the indictment in this case.

As the proposed expert testimony is irrelevant, concerns improper considerations for the jurors, and would cause juror confusion, such proposed expert opinion should be excluded.[2]

## B.    The Defendant's Expert Notice Does Not Comport with Fed. R. Crim. P. 16.

Federal Rule of Criminal Procedure ("Rule 16"), provides for the expert disclosures necessary to provide an adversarial party sufficient

---

[2] As described above, prosecutorial decision-making is different than enforcement decision-making, and the Government agrees that questions to DUSM Hartman about *his* decision to immediately arrest the defendant on January 7, 2026, or not, is proper grounds for both direct examination and cross-examination.

notice of the substance of the expert's actual opinions and conclusion, along with the bases supporting them.  As a threshold matter, the Expert Notice provided by the defendant to the Government fails to satisfy the Rule 16 requirements and the defendant should also be precluded from calling their proposed expert on those grounds.

The 2022 Amendment to Rule 16 was "intended to facilitate trial preparation, allowing the parties *a* fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Rule 16, Advisory Comm. Notes 2022 Amendments (emphasis added). The 1993 Amendment "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Rule 16, Advisory Comm. Notes 1993 Amendments.

By providing late notice, less than two weeks prior to trial and well after the pre-trial conference in this case, the defendant's notice is not timely.  *See United States v. Hoffecker*, 530 F.3d 137, 187 (3d Cir. 2008)(excluding defense expert after a facially deficient notice provided three business days prior to jury selection; *United States v. Carothers*,

No. 3:20-CR-31, 2024 WL 4528494, at *1-2 (W.D. Pa. Oct. 18, 2024) (finding that a notice of a new expert and the disclosure of that expert, "given three business days before the start of trial, was not provided sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.") (internal citations omitted); *see also United States v. Petrie*, 302 F.3d 1280, 1283, 1288 (11th Cir. 2002) (finding the defendant's disclosure, which was provided on the Friday before the start of the Monday trial, to be untimely, and thus the court excluded the expert).

Beyond the timing issue, the notice provided by the defendant is inadequate under Rule 16, which requires a defendant to disclose "to the government, in writing . . . any testimony that the defendant intends to use [at trial in its case-in-chief] under Federal Rule of Evidence 702, 703, or 705." Fed. R. Crim. P. 16(b)(1)(C)(i). The expert notice may meet these requirements by incorporating by reference "the results or reports of any physical or mental examination and of any

scientific test or experiment" previously disclosed to the defense. Fed. R. Crim. P. 16(b)(1)(C)(iv), (b)(1)(B).

To ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment, the amendment deleted the phrase "written summary" from the previous version of the Rule and substituted specific requirements that the parties provide Rule 16 now requires that the defendant provide: (1) a "complete statement of all opinions the defendant will elicit from the witness;" (2) "the bases and reasons for them;" (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" and (4) a list of cases in which the witness has testified as an expert in the prior 4 years. Fed. R. Crim. P. 16(b)(1)(C)(iii); Rule 16, Advisory Comm. Notes 2022 Amendments.

Courts interpreting the substance of a Rule 16 notice emphasize that an expert disclosure must do more than identify the expert's qualifications, general subject matter, or methodology; it must disclose the actual opinions or conclusions the expert intends to offer regarding the issues in the case. *See United States v. Duvall*, 272 F.3d 825, 828

11

(7th Cir. 2001) ("[Rule 16] requires a summary of the expected testimony, not a list of topics.").

The July 2, 2026, Expert Report in this case is inadequate under Rule 16(b)(1)(C)(iii). It does not contain any statement of opinions, let alone "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" or the "bases and reasons for them," as required. Fed. R. Crim. P. 16(b)(1)(C)(iii). At best, the defendant's disclosure states topics the witness will address, not opinions, which falls far short of Rule 16's low bar. *See United States v. Bressi*, No. 4:19-CR-00207, 2024 WL 3296938, at \*2 (M.D. Pa. Nov. 3, 2023) (Brann, C.J.) (Rule 16's requirements include that the party provide a "*complete* statement of all opinions" that the party will elicit) (emphasis in original); *see also Hoffecker*, 530 F.3d at 187–88 (affirming district court's exclusion of expert testimony where the district court found the notice facially deficient because it listed "[m]erely the subjects of what [the experts] may discuss is offered," rather than the experts' actual opinions and the bases for their testimony); *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) (upholding district court's exclusion of expert testimony where "[t]hey did not summarize the

experts' opinions about those topics, let alone describe the bases for the experts' opinions"), *cert. denied, Ulbricht v. United States*, 585 U.S. 1033 (2018).

## C.   Alternatively, the Expert Opinion, if Allowed, should be rebutted by Testimony from the Initial Prosecutor in this Case

If the Court finds that testimony from the defendant's proposed expert is relevant, its probative value substantially outweighs any danger of juror confusion, was properly noticed, and admits such testimony, then the Government has the obligation to explain the prosecutorial decision-making process to the jury in order to alleviate the potential confusion to the jury.

Therefore, the Government would call as a rebuttable witness Assistant United States Attorney Christian Haugsby, to explain why he choose not to charge the defendant by criminal complaint, but to seek an Indictment from the federal Grand Jury. AUSA Haugsby would also explain his decision-making process in choosing the specific charge which he presented to the Grand Jury, why he choose not seek additional charges which may have been supported by the defendant's actions, why he choose only to seek one count instead of additional

counts of that charge, and why he choose to present this charge to the Grand Jury in February of 2026.

Such rebuttal evidence would complete the narrative, introduced by the defendant, about the prosecutorial decision-making process in this case, and would allow the jury to fully understand the circumstances surrounding those decisions. See *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010)(allowing evidence to 'complete the story' in a FRE 404(b) analysis); *see also United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984)(need to show background of the charges and the parties familiarity with one another were proper purposes under 404(b)); *United States v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1982)("necessary background information" was a proper purpose under 404(b)).

## III. CONCLUSION

For the reasons described above, namely that the expert witness testimony described in the defendant's July 2, 2026, Expert Notice is irrelevant, misleading, and improperly noticed under Fed. R. Crim. P. 16, such testimony should be precluded at trial.

Respectfully submitted,

14

15

BRIAN D. MILLER
United States Attorney

Dated:  July 6, 2026

/s/ James M. Buchanan
James M. Buchanan
Assistant U.S. Attorney
james.buchanan@usdoj.gov
PA ID# 330012
235 N. Washington Ave, Ste. 311
Scranton, PA 18503
(570) 348-2800 (office)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :        NO. 1:26-CR-22
                            :
        v.                  :        (Judge Munley)
                            :
ANDREW MULKERIN,            :
        Defendant.          :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on July 6, 2026, he served a copy of the attached

## GOVERNMENT'S BRIEF IN SUPPORT OF ITS *MOTION IN LIMINE* TO PRECLUDE DEFENDANT'S EXPERT WITNESS REGARDING PROSECUTORIAL DECISION-MAKING AND CHARGING OPTIONS

by ECF notice upon:

Heidi R. Freeze, Esq.
Michael P. Leahey, Esq.
Counsel for Defendant Mulkerin

                        /s/ James M. Buchanan
                        JAMES M. BUCHANAN
                        Assistant U.S. Attorney

16