IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:26-cr-00022 |
| | : | |
| v. | : | (Chief Judge Bumb) |
| | : | |
| ANDREW MULKERIN | : | (Electronically Filed) |

**DEFENDANT'S BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE EXPERT DEBORAH L. GRAMICCIONI, ESQ.**

Andrew Mulkerin, by counsel, respectfully submits this Brief in Opposition to the Government's Motion in Limine seeking to preclude the testimony of defense expert Deborah L. Gramiccioni, Esq. The motion should be denied because Ms. Gramiccioni's testimony is relevant, reliable, and helpful to the jury under Federal Rule of Evidence 702, and because the Government's arguments largely mischaracterize both the nature and purpose of her proposed testimony.

## I.   Introduction

The Government seeks exclusion of expert testimony that explains a straightforward proposition: federal law enforcement officers and prosecutors possess multiple tools to investigate potential crimes and initiate federal criminal proceedings, including detention, arrest, filing criminal complaints and indictments. In fact, criminal complaints are commonly utilized when immediate arrest is deemed necessary for public safety or similar concerns.

1

The defense does *not* intend to present expert testimony regarding whether prosecutors appropriately exercised their discretion, whether the indictment should have been sought, or whether the Government acted improperly. Indeed, Ms. Gramiccioni expressly disclaims any opinion regarding prosecutorial misconduct, abuse of discretion, witness credibility, defendant intent, or the ultimate merits of the charge.

Instead, the testimony is offered to assist the jury in evaluating evidence that the Government itself intends to present concerning the alleged seriousness, immediacy, and perceived danger posed by Mr. Mulkerin's statements. The Government cannot simultaneously introduce evidence suggesting that law enforcement treated the alleged threat as urgent and dangerous while preventing the defense from presenting expert testimony explaining the tools that would have been available to authorities in the event they concluded that immediate detention was necessary. Defendant's expert serves to provide the jury with context and rebut the testimony of Deputy United States Marshal Matthew Hartman ("DUSM Hartman").

## II.   Argument

### A. The Testimony is Relevant Under Rules 401 and 702.

The Government's principal argument is that prosecutorial charging mechanisms are irrelevant because they do not directly address the elements of 18 U.S.C. § 115(a)(1)(B). That argument defines relevance far too narrowly.

Evidence need not establish or negate an element of an offense to be relevant. Rather, evidence is relevant if it has any tendency to make a fact of consequence more or less probable. See Fed. R. Evid. 401. The defense expects the Government to present testimony concerning the reaction of DUSM Hartman and other officials to the alleged statements at issue, including the contention that the statements were understood as true threats requiring immediate concern.

The Government itself acknowledges in its brief that the timing of law-enforcement action may have some probative value regarding whether a witness believed the statement constituted a "true threat." See Government's Brief in Support of Motion In Limine at 4, fn. 1. Once the Government concedes that point, the relevance argument largely collapses.

Ms. Gramiccioni's testimony provides the jury with information outside ordinary lay knowledge concerning the mechanisms available to federal law enforcement officers and prosecutors if they genuinely concluded that immediate intervention was necessary. Her testimony therefore supplies context that allows jurors to evaluate the significance and credibility of the Government's own evidence.

The defense position is not that law enforcement officers were required to detain Mr. Mulkerin, nor that prosecutors were required to file a complaint. Instead, the defense seeks to present evidence that federal authorities possessed additional *options*. That fact is relevant to the jury's assessment of the circumstances

surrounding the investigation and the seriousness with which the alleged threat was perceived.

### B. The Testimony Does Not Improperly Intrude Into Prosecutorial Discretion.

The Government devotes considerable attention to the proposition that charging decisions generally fall within executive discretion. The defense does not dispute that proposition. However, the cited cases—including *Armstrong*, *Wayte*, *Batchelder*, and *Bordenkircher*—address challenges to expert testimony relative to prosecutorial discretion, selective prosecution claims, and judicial review of charging decisions.  None of the cases cited by the Government apply to the opinions and conclusions offered by Ms. Gramiccioni.

Ms. Gramiccioni will not testify that prosecutors lacked authority to seek an indictment, chose incorrectly, acted unlawfully, or abused their discretion. To the contrary, her report merely explains available procedural vehicles and notes that a criminal complaint was among those options.

Explaining what procedures exist is fundamentally different from criticizing how discretion was exercised. The Government therefore attacks a position the defense does not intend to present.

### C. Any Rule 403 Concerns Can Be Adequately Addressed Through a Limiting Instruction.

The Government contends the testimony will confuse the jury because jurors may begin considering charging decisions. Not so. Federal courts routinely rely upon limiting instructions to ensure jurors understand the proper use of evidence. Any potential for confusion can be addressed through an instruction making clear:

1. charging decisions remain within prosecutorial discretion;

2. the jury is not to second-guess those decisions;

3. the expert testimony is admitted solely to explain federal criminal procedures and provide context for the evidence presented at trial; and

4. the jury's ultimate task remains determining whether the Government has proven the charged offense beyond a reasonable doubt.

The availability of such a limiting instruction eliminates any realistic concern that jurors will transform this criminal trial into a referendum on prosecutorial discretion. Moreover, exclusion under Rule 403 is an extraordinary remedy that should be used sparingly. Here, the Government seeks complete exclusion of relevant expert testimony based on speculation regarding possible jury confusion that can easily be cured through instruction.

### D. The Defense Disclosure Satisfied Rule 16.

The Government's Rule 16 argument likewise fails. The defense initially disclosed both the identity of the witness and the subject matter of her testimony and shortly thereafter supplemented the disclosure with a signed expert report. The July 2 report sets forth the witness's qualifications, identifies the materials reviewed, and specifically enumerates her opinions concerning federal charging mechanisms, criminal complaints, indictments, public-safety considerations, and related federal procedures.

Unlike the deficient disclosures cited by the Government, Ms. Gramiccioni's report does not merely identify broad subjects. It expressly states several opinions, labels them as such, and explains the bases for those opinions, including her experience as a former Assistant United States Attorney, supervisory DOJ official, federal law clerk, state court judge, and criminal-law educator.

Any omission regarding publications or prior testimony was also disclosed in counsel's June 30 letter, which advised that Ms. Gramiccioni had not authored publications during the preceding ten years apart from judicial opinions and had not previously testified as an expert witness.

Additionally, Federal Rule of Criminal Procedure 16 states the following regarding time to disclose expert witnesses:

(ii) Time to Disclose. The court, by order or local rule, must set a time for the defendant to make the defendant's

>    disclosures.  The time must be sufficiently before trial to provide
>    a fair opportunity for the government to meet the defendant's
>    evidence.

Fed R. Crim. P. 16.[1] Here, the Court did not set a deadline for disclosures. Therefore,

it follows that the time for disclosures must be sufficiently before trial to provide a

fair opportunity for the government to meet the defendant's evidence. The trial is set

for July 13, 2026. It is clear from the Government's motion and brief, it has already

had ample time and opportunity to meet defendant's evidence. *See United States v.

Slough*, 61 F. Supp. 3d 103, 109 (D.D.C. 2014) (defendant's disclosure provided to

government just hours before the jury was sworn was found consistent with the

timeliness expectation embedded within Rule 16).

In short, the Government cannot credibly claim surprise. The witness was

disclosed before trial, her qualifications have been fully provided, her opinions are

known, and the Government has already demonstrated detailed knowledge of those

opinions through the instant motion. Exclusion is therefore unwarranted.

---

[1] To the extent the Government is arguing technical compliance with Rule 16 as grounds to exclude testimony, the Government requested reciprocal discovery pursuant to Rule 16(b)(1)(A) in its letters of March 17 and April 20 2026, but it did not request disclosure of expert witnesses pursuant to Rule 16(b)(C)(1).

## III.    Conclusion

For the foregoing reasons, Mr. Mulkerin respectfully requests that the Court deny the Government's Motion in Limine and permit Deborah L. Gramiccioni, Esq. to testify at trial.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date:  July 6, 2026

*/s/ Heidi R. Freese*
Heidi R. Freese, PA I.D. #87668
Michael P. Leahey, PA I.D. #92933
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 221-7967
HFreese@tuckerlaw.com
MLeahey@tuckerlaw.com

## CERTIFICATE OF SERVICE

I, Heidi R. Freese, Esquire, do hereby certify that I have served the herein

Brief in Opposition, electronically as follows:

James M. Buchanan, Esquire
Sarah R. Lloyd, Esquire
Assistant United States Attorneys

and sent to the defendant by placing the same in the United States mail, first class,

postage prepaid, addressed as follows:

Andrew Mulkerin

TUCKER ARENSBERG, P.C.

Date:  July 6, 2026

/s/*Heidi R. Freese*
Heidi R. Freese, Esquire
PA I.D. #87668
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 221-7967
HFreese@tuckerlaw.com